[No. 7,621.—Department One.]

## I. H. STEWART *v.* ALMA WHITLOCK ET AL.

MISTAKE—MORTGAGE.—In an action to foreclose a mortgage, executed by a husband and wife, upon a portion of the homestead, the Court found that the wife, in executing the mortgage, was made acquainted with the literal contents of the instrument, but did not intend to include a certain portion of the land mortgaged, and did not suppose it was included; that her mistake was caused by the misrepresentations of her husband, but that the mortgagee did not know of such misrepresentations, or that her intention was otherwise than as expressed in the instrument. *Held,* that her mere intention (uncommunicated to the mortgagee either by the writing itself or otherwise) could not control the plain letter of her contract.

APPEAL from a judgment for the plaintiff in the Superior Court of San Bernardino County. ROLFE, J.

*Henry M. Willis,* for Appellant.

Defendant Isabel is entitled to judgment in her favor on the facts found. The consideration of the mortgage was to

her husband; her signature was obtained by false representations and fraud and deceit. There was no contract on her part between her and plaintiff. She never assented to the mortgage as it is written and construed by the Court. (Civil Code, §§ 1565, 1566, 1567, 1568, 1571, 1572, 1580, 1640, 1649; *Saunders* v. *Clark,* 29 Cal. 299; *San José* v. *Younger,* id. 172.)

*Byron Waters,* for Respondent.

The plaintiff had no notice of any fraud or false representations. The Court so finds, and this places him in the position of an innocent purchaser for value. (*Conn. L. Ins. Co.* v. *McCormick,* 45 Cal. 580; *Frey* v. *Clifford,* 44 id. 335; *Deputy* v. *Stapleford,* 19 id. 302.)

The COURT:

The plaintiff advanced his money and took his mortgage, duly executed by defendants Alma Whitlock and his wife Isabel, without any notice or knowledge of the alleged misrepresentations made by the former to the latter with reference to the lands described in the mortgage.

The Court below found as follows:

"That at the time said mortgage of date August 30th, 1879, was executed, the defendant Isabel was by the Notary Public examined separately and apart from and without the hearing of her husband, and by said Notary then made acquainted with the contents thereof. That the defendant Isabel then directed some change to be made in the wording of said mortgage, by which she intended to exclude any part of said lots 3 and 18, which change was accordingly made, and thereupon, while so separate from and without the hearing of her husband, and being acquainted with the literal reading of said mortgage, she acknowledged to said Notary that she executed the same freely and voluntarily, and did not wish to retract such execution, and thereupon said Notary Public attached to said mortgage a certificate of such acknowledgment in due form as required by law."

The Court found that defendant Isabel Whitlock did not *intend* to include in the mortgage any portion of lots *three* and *eighteen.* Her mere intention (uncommunicated to plaint-

iff, either by the writing itself or otherwise) can not control the plain letter of her contract, executed with all the formalities required by law—in the execution of mortgages of their property by married women, and with full knowledge of the actual contents of the instrument.

Judgment affirmed.