[No. 14059.    In Bank. — December 3, 1891.]

# W. J. CRANE, APPELLANT, *v.* W. S. McCORMICK ET AL., RESPONDENTS.

REAL ESTATE BROKERS — ACTION FOR COMMISSIONS — SALE BY OWNERS —
MUTUAL MISTAKE IN CONTRACT — TRIAL. — In an action by the assignee
of real estate brokers to recover commissions from the owners of land
intrusted to them for sale, where the right of action is based solely upon
a provision in the contract that if the owners withdrew the property
from sale, or effected a sale in any manner during the year, the same
commissions should be paid as if the sale had been made by the brokers,
and an issue is presented by the answer as to whether that clause of the
contract was left therein by mutual mistake, the court should first dis-
pose of that issue before submitting the other issues to a jury.

ID. — PROOF OF MUTUAL MISTAKE — KNOWLEDGE OF BROKERS — UNCOM-
MUNICATED INTENT OF OWNERS. — There is no proof of mutual mistake
entitling the owners of the land to reform the contract or defeat the
action for commissions, without evidence that the brokers knew or had
reason to know that the owners had made such mistake.   The mere in-
tent of the owners, not communicated to the brokers, cannot control the
plain provision of the contract, there being no special relation of trust
and confidence between them, and the means of knowledge as to the
terms and conditions of the contract being equally open to all parties.

ID. — EVIDENCE — CONVERSATIONS BETWEEN OWNERS — HEARSAY. — Testi-
mony as to conversations between the owners as to their intention to
erase the clause referred to from the contract, held in the absence of the
brokers, is hearsay, and incompetent upon the issue as to mutual mis-
take.

ID. — STRIKING OUT SIMILAR CLAUSE IN DIFFERENT CONTRACT. — The fact
that one of the owners of the land had struck out a similar clause in
another contract between himself and the brokers, for the sale of other
land belonging to himself alone, is not sufficient to show that he would
have modified the contract in suit in the same way if he had not forgot-
ten it, but would rather tend to show that he intended to leave the
clause in the latter contract which he had stricken from the former.

ID. — COMMISSIONS UPON SALE OR EXCHANGE BY OWNER — PRODUCTION OF
PURCHASER — EVIDENCE. — Where, by the terms of a contract for the
sale of real estate through brokers, they are authorized to sell the prop-
erty for the owners at any time within one year, and it is agreed that
the commissions shall be paid if the owners should withdraw the prop-
erty from sale or effect a sale in any way during the year, the brokers
are entitled to commissions upon a sale or exchange of the land by the
owners themselves, and need not show that they had produced or could
have produced a purchaser within the time fixed in the contract.

ID. — RIGHT OF RECOVERY UPON CONTRACT. — A real estate agent's right
of recovery depends entirely upon his contract with the owner of the
land.

APPEAL from a judgment of the Superior Court of
Stanislaus County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*Stonesifer & Minor,* and *Richard Bayne,* for Appellant.

The right of a real estate agent to his commissions de-
pends entirely upon his contract with his employer; and
he may make almost any kind of a contract upon which
his right to commissions may depend. (26 Am. Law
Reg. 545.) This sale and withdrawal of the property
took it out of the power of De Jarnatt & Crane to earn a
commission, and under their contract they were entitled
to the same commission as though they had made the
sale. (26 Am. Law Reg. 554, 567.) Each party had
equal means of information; they stood at arm's-length.
Under such circumstances, there is no mistake. (*Pea-
body* v. *Phelps,* 9 Cal. 228, 229; *Board of Commissioners*
v. *Younger,* 29 Cal. 176–179; *Hawkins* v. *Hawkins,* 50
Cal. 558; *Stewart* v. *Whitlock,* 58 Cal. 2; *Metropolitan Loan
Ass'n* v. *Esche,* 75 Cal. 517.) The answer presents an
equitable defense to an action at law, and it was the duty
of the court, upon the motion of appellant, made before

the jury was impaneled, to have first disposed of this equitable defense of mistake, because, should it prevail, that would have been an end of plaintiff's action. (*Weber* v. *Marshall*, 19 Cal. 457; *Downer* v. *Smith*, 24 Cal. 124; *Martin* v. *Zellerbach*, 38 Cal. 319, 320; 99 Am. Dec. 365; *Tormey* v. *Pierce*, 42 Cal. 338, 339; *Thomas* v. *Lawlor*, 53 Cal. 407; *Fish* v. *Benson*, 71 Cal. 434.) The court erred in permitting respondents to testify, under appellant's objections, as to their conversations between themselves, and their intentions to erase those clauses from the contract, as there was no evidence that appellant or De Jarnatt & Crane were present, or that they knew anything about it. (*Wood* v. *Whitney*, 42 Cal. 362.) The transaction between respondents and Osborn and Upham amounted to a sale, and they were liable for the commission. (*Gilbert* v. *Sleeper*, 71 Cal. 293; *Bixby* v. *Bent*, 59 Cal. 528–530; 26 Am. Law Reg., N. S., 566, 567.)

*Hatton & Fulkerth*, for Respondents.

To entitle the broker to commissions, he must have been the procuring cause of the sale or purchase. (26 Am. Law Reg. 547; *Lincoln* v. *McClatchie*, 36 Conn. 136; *Lloyd* v. *Matthews*, 51 N. Y. 124; *McClave* v. *Paine*, 49 N. Y. 561; *White* v. *Twichings*, 26 Kan. 503; *Earp* v. *Cummings*, 54 Pa. St. 394; 93 Am. Dec. 718; *Wylie* v. *Marine Nat. Bank*, 61 N. Y. 415; *Dolan* v. *Scanlon*, 57 Cal. 261; *Moses* v. *Bierling*, 31 N. Y. 462; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; 22 Am. Rep. 441; *Waterman* v. *Boltinghouse*, 82 Cal. 659.) Whatever effort the brokers may have made, and whatever expense they may have incurred (and there is no evidence of any such effort or expense), they did no more than they were called on to do as real estate agents or brokers, and were not entitled to commissions. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 383; 22 Am. Rep. 441; *Waterman* v. *Boltinghouse*, 82 Cal. 659.) It was not necessary for the respondents to ask for a revision of the "power of sale" on the ground of mistake. They pleaded the mistake as a bar to the action, and had a right so to do. (*Hoppough* v. *Struble*, 60

N. Y. 430; *Walker* v. *Brem*, 67 Cal. 599.)  Nor was it the duty of the court to have disposed of the defense of mistake before the jury was impaneled. (*Hoppough* v. *Struble*, 60 N. Y. 430; *Walker* v. *Brem*, 67 Cal. 599.)

PATERSON, J.— On September 30, 1866, the defendants authorized De Jarnatt & Crane to sell certain real estate at any time within a year, and agreed to pay them five per cent on thirty-five thousand dollars, the limited price, and one half of any excess of that amount which might be realized from the sale.  The written authorization contained the following provision: "And in consideration of your expenses and efforts in attracting settlers to the county, it is agreed that in event of the withdrawal of said property from sale, or in event of sale through any means during the continuance of this power (one year), the same commission will thus be paid as though sale had been made by you."  On September 2, 1887, the defendants, without any notice to their agents, sold and conveyed the land to R. F. Osborn and Isaac Upham, it is alleged, for the sum of forty thousand dollars.  Defendants refused to pay De Jarnatt & Crane anything on account of commissions, and the latter assigned their claim to plaintiff, who, as their assignee, demanded judgment for the sum of $4,250.  These are the only material facts stated in the complaint, which covers twenty-five printed pages of the transcript.  It is not alleged, except inferentially, that De Jarnatt & Crane ever incurred any expenses or made any efforts to sell the land or attract settlers to the county; but there was no demurrer to the complaint, and the defendants cured the defect and perfected the issue by an affirmative allegation that De Jarnatt & Crane, to induce the defendants to enter into the contract, promised to publish and distribute a pamphlet advertising the land, but that no such pamphlet was ever published, nor was any effort ever made to advertise or sell the land.

The answer covers seventy-two pages of the transcript, and is a hotchpot of denials, allegations of affirmative

matter, probative facts, and superfluous circumstances. From this mass of redundant matter and tiresome reiteration, jumbled together in utter disregard of the provisions of sections 437 and 441 of the Code of Civil Procedure, we have been able to extract sufficient to show that the defendants rely upon the following defenses: That the provision of the contract above quoted was left therein by mutual mistake of the parties, and defendants always supposed, until the commencement of this action, that it had been eliminated from the printed form before execution; that it was understood and agreed no commissions should be paid unless the sale was effected by or through the agents; that said agents never procured a purchaser, and never did anything to advertise the land or attract settlers to the county, although they induced defendants to enter into the contract by representations that they would do so; that defendants did not sell the land for cash, but exchanged the same for other lands in part payment and the balance in cash, and that the value of the entire consideration received did not exceed thirty thousand dollars; that there was no consideration for the execution of the agreement, and if there was, the same has failed; that plaintiff is not the real party in interest, no assignment having been made to him by De Jarnatt & Crane.

There is a demurrer to the answer, covering sixteen pages of the record, and a motion to strike out portions of the answer, covering thirty-two pages. Both were overruled.

The jury found that the power of sale was signed by defendants under a mistake, and that De Jarnatt & Crane knew or suspected that it was signed under such mistake. What the mistake was is not found, but there was a general verdict for the defendants.

Under the pleadings, the court should have disposed first of the issue as to whether the clause of the contract quoted was left therein by mutual mistake. If that matter had been determined in favor of the defendants on sufficient evidence, there would have been no neces-

sity for a jury, or for any further inquiry, because plaintiff nowhere claims that the agents found, or could have found, a purchaser. Plaintiff's right of action is based solely upon the provision of the contract that if the defendants withdrew the property from sale, or effected a sale in any manner during the year, the same commissions would be paid as if the sale had been made by De Jarnatt & Crane.

There is no evidence in the record to support a finding that the provision referred to was left in the contract by mutual mistake. De Jarnatt testified that the first intimation they ever had that any mistake had been made was when the answer was filed in this action. All the evidence shows that such was the fact. It is argued by counsel that because it is shown that McCormick struck out of the power of sale for his individual land a clause precisely like the one quoted above, it clearly appears that he would have modified the contract under consideration in the same way if he had not forgotten to do so. No such deduction can fairly be drawn; on the contrary, it would seem to be a natural conclusion that he intended to leave the clause in the contract which he had stricken from his own. But however this may be, there is no evidence that De Jarnatt or Crane ever knew, or had reason to know, that defendant had made such a mistake; and unless they did, it cannot be said that there was a mutual mistake entitling defendants to a reformation of the contract, or sufficient to defeat a recovery in this action. There was no relation of trust or confidence, and the means of knowledge as to the terms and conditions of the contract were equally open to all parties. The mere intent of the defendants, not communicated to De Jarnatt & Crane, cannot control the plain provision of the contract. (*Hawkins* v. *Hawkins*, 50 Cal. 558; *Stewart* v. *Whitlock*, 58 Cal. 2; *Metropolitan Loan Ass'n* v. *Esche*, 75 Cal. 517.)

There is no merit in the contention of respondents that De Jarnatt & Crane cannot recover on the contract without showing that they had produced, or could have

produced, a purchaser within the time fixed in the contract, and the cases cited are not in point. Defendants agreed for a valuable consideration to pay the commissions if a sale should be effected in any way during the year; their agents, acting upon the agreement, at their own expense, caused a large number of pamphlets and circulars to be printed and sent to various parts of the world, advertising and offering for sale certain tracts of land, including the land described in the contract. A real estate agent's right of recovery depends entirely upon his contract with the owner of the land. In this case, the sale or exchange of the land by defendants themselves put it beyond the power of De Jarnatt & Crane to thereafter make a sale, and according to the express terms of the contract, this entitled them, upon proof of performance on their part, to the same commissions they would have earned if they had sold the land for the amount realized by the owners. (Civ. Code, sec. 1512; *Wolf* v. *Marsh*, 54 Cal. 232; *Gilbert* v. *Sleeper*, 71 Cal. 293; 26 Am. Law Reg., N. S., 554, 566, 567.)

It is not necessary to review all of the alleged errors. What we have said will be sufficient to guide the court on another trial. It is sufficient to say that a party's undisclosed intentions are unavailing as against his acts and declarations. The testimony as to conversations between respondents, with respect to their intentions to erase the clause referred to from the contract, was clearly incompetent and hearsay, neither De Jarnatt nor Crane being present at the time the conversation was held. (*Wood* v. *Whitney*, 42 Cal. 362.)

It is not claimed by respondent in his brief that plaintiff is not the real party in interest.

The judgment and order are reversed, and the cause is remanded for a new trial.

DE HAVEN, J., BEATTY, C. J., GAROUTTE, J., HARRISON, J., and McFARLAND, J., concurred.