FREDERICK W. COOK AND WILLIAM RADICAN v. WILLIAM
BLAKE.

*Contract—Performance—Partnership—Evidence.*

1. Two parties, one a publisher of a newspaper, agreed to adver-
tise a farm for sale, free of charge, for one year, if not sooner
sold. The owner agreed to pay them two and one-half per
cent. commission if a sale should be made within the year,
either by means of the advertisement or otherwise. The owner
exchanged the farm for other property within the year, up to
which time it had been advertised for sale according to con-
tract. And it is held that the other parties were entitled to
the agreed commission.

2. It is further held that an agreement by either of the joint
parties to the contract to waive the agreed commission, if
made in behalf of both, would be binding upon both.[1]

3. Where in a suit involving the question whether the plaintiffs
were copartners, so that the agreement of one would bind
both, the defendant testifies that one of the plaintiffs informed
him at the time the contract sued upon was made that the
plaintiffs were partners in the transaction covered by the con-
tract, and the plaintiff referred to is sworn as a witness in the
case, and nowhere disputes such testimony, it is error to sub-
mit to the jury the question whether he made such statement.

Error to Berrien. (O'Hara, J.) Argued November 1,
1893. Decided January 9, 1894.

*Assumpsit.* Defendant brings error. Reversed. The
facts are stated in the opinion.

*A. C. Roe (Spafford Tryon,* of counsel), for appellant.

*George S. Clapp,* for plaintiffs.

MONTGOMERY, J. The plaintiff Cook is the publisher
of the Niles Daily Star. The plaintiff Radican was inter-

---

[1] See *Dumanoise v. Townsend,* 80 Mich. 302.

ested with him in the transaction covered by the contract hereinafter referred to. The defendant was the owner of a farm, and on the 1st of July, 1891, the parties entered into a written contract as follows:

"This agreement, entered into this first day of July, 1891, between F. W. Cook and W. M. Radican, of Niles, Berrien county, Michigan, party of the first part, and Wm. Blake, of Niles township, party of the second part, *Witnesseth*, That said party of the first part agrees to advertise in Niles Daily Star property hereinafter described as for sale, free of charge, provided the same is not sold within one year from the date hereof; but, in case said property is sold within one year from the date hereof, either by means of said advertisement or otherwise, said party of the second part hereby agrees immediately after such sale to pay said party of the first part the sum of $2\frac{1}{2}$ per cent. for such advertising.

"The property to be advertised as aforesaid is described as follows: 160 acres in north-east quarter of section 33, in Weesaw township, formerly the Dr. Myers farm; 45 acres of timber land, and 115 acres under cultivation; good orchard; one acre of grapes; fair buildings; well watered; splendid stock farm. The same is located within $2\frac{1}{2}$ miles north and west of Galien. Must have $5,000. One-half down and the other secured is the best terms. Can have all over $5,000, and $2\frac{1}{2}$ per cent. besides."

The plaintiffs offered testimony tending to show that they fulfilled the contract on their part by advertising the farm for sale; that they continued to do so until it was disposed of. They also show that the defendant, on the 3d day of October, 1891, exchanged the land in question with one James Brought for 40 acres of land valued at $2,500, and received in addition $2,500 in securities. The defendant offered testimony tending to show that before making the exchange with Brought he saw the plaintiff Cook, and stated to him that he had talked of making the exchange, and that he would not do so if plaintiffs expected him to pay commission, and that Mr. Cook replied that he would not be expected to pay any com-

mission, as it was an exchange, and not a sale. Defendant did not see Radican. In rebuttal the plaintiff Cook testified that he did have a talk with the defendant prior to the sale, and that defendant represented to him that he was going to make a trade for land, and that there was no money consideration in it, nothing but land; and that he (Cook) then told the defendant that if it was an even trade, farm for farm, he would, so far as he (Cook) was concerned, be willing to cancel the contract, but he would not do so without the consent of Mr. Radican. The jury returned a verdict for plaintiffs for the amount of the commission.

The circuit judge instructed the jury, in effect, that if the plaintiffs performed the contract on their part by advertising as agreed, and if the defendant disposed of the property within the year without any release by plaintiffs, the plaintiffs would be entitled to recover; and in this, we think, the circuit judge was clearly right. The cases cited by defendant's counsel which hold that the agent, to entitle him to a commission, must find a purchaser ready to buy at the principal's price, have no application here.[1] The defendant promised to pay a certain price for a certain specific service, and any act on his part which prevented the plaintiffs from realizing the commission earned by the service (*i. e.*, in this case, the advertising) renders him liable to respond for the amount.

2. The circuit judge charged the jury as follows:

"It is claimed by the defendant that he went to the plaintiff Cook before the exchange of his farm, and said to Cook that if Cook and Radican intended to charge him a commission in case of an exchange he would not make the exchange; and that Cook then said that he could go ahead and make the 'exchange, and no commission would be charged. If Cook and Radican had been partners, this act

[1] *Ellsmore v. Gamble,* 62 Mich. 543; *Hannan v. Fisher,* 82 Id. 208; *Kelso v. Woodruff,* 88 Id. 299.

upon the part of Cook, if Blake had relied upon it, would have bound both Cook and Radican, as already instructed. However, there is no legal evidence of a partnership, and, even though you should find that Cook did say this to Blake, and that Blake acted upon it in making the exchange, such act of Cook would not of itself bind Radican."

The undisputed testimony shows that they were jointly interested on one side of the contract, and under these circumstances we think that the acts of one would, if in behalf of both, bind both.    We do not overlook the fact that there was a sharp conflict between the parties as to what the talk was in October between Cook and defendant.    The circuit judge was entirely right in saying to the jury that, if Cook's version of what took place was accepted by the jury, defendant would not be released from his contract.

The circuit judge further said, in effect, to the jury, that if Radican said to Blake, at the time of making the contract or before it was made, that he and Cook were partners, then Cook's promise that there should be no charge for commission, if made, would bind the plaintiffs.    From an examination of the record we find that the witness Radican, whose entire testimony is given, nowhere disputes the statement that defendant makes that he (Radican) told the defendant that the two plaintiffs were in partnership in the business. It was therefore error to submit that question as an open question to the jury.    *Lange v. Perley,* 47 Mich. 352; *Corbett v. Spencer,* 63 Id. 731.    Much less can it be said that these instructions cured the error committed in instructing the jury that the plaintiffs were not partners, and that the act of Cook would not bind Radican.

Judgment will be reversed, and a new trial ordered.

The other Justices concurred.