[Civ. No. 1328.   Third Appellate District.—April 23, 1915.]

JOHN I. STAFFORD, Appellant, v. ROBERT RAINEY, Respondent.

BROKER'S COMMISSION—SALE OF REAL PROPERTY—FAILURE TO PROCURE PURCHASER—SUFFICIENCY OF EVIDENCE.—In this action by a broker to recover a commission for the sale of real property, it is held that the finding that the plaintiff did not procure or find a purchaser within the time provided is supported by the evidence.

ID.—EVIDENCE—ADMISSIBILITY OF LETTERS.—In such a case it was competent for the owner to show by letters between himself and the purchaser that he himself, unaided by the plaintiff, procured the purchaser.

APPEAL from a judgment of the Superior Court of Siskiyou County.   James F. Lodge, Judge.

The facts are stated in the opinion of the court.

B. K. Collier, and John I. Stafford, *in pro. per.*, for Appellant.

Taylor & Tebbe, for Respondent.

CHIPMAN, P. J.—This is an action to recover a commission for the sale of real property.   The basis of plaintiff's claim is the following letter written to plaintiff by defendant:

"Seiad Valley, Calif., Feb. 27, 1914.

"MR. J. I. STAFFORD,

"Dear Sir:

"I have got 316 acres of land about 125 acres in cultivation and about 80 more acres can be put in cultivation.   Balance is rough and covered with timber there is a million or more of timber on the ranch good water-right no debt.   Price $9,500 will pay the customary five per cent for a buyer.   Will give you Sixty days time.

"ROBT RAINEY."

In his brief plaintiff says: "The only question in this case is, Did plaintiff 'find a purchaser within sixty days?'   If so, he is entitled to his commission."

It is admitted that defendant sold his ranch to one F. E. Stewart for nine thousand dollars before the expiration of

sixty days after February 27, 1914, and plaintiff claims that he found this purchaser and introduced him to Stewart and was instrumental in effecting the sale.

Upon the evidence adduced the court, sitting without a jury, made the following findings of fact and conclusions of law:

"1. That defendant did not on the 27th day of February, 1914, or at any other time employ plaintiff as his agent to find a buyer for defendant's land known as the Rainey Ranch, except to write a letter to plaintiff giving plaintiff the right to sell said lands for the sum of $9,500 where in said letter defendant promises in event of sale to pay plaintiff a five per cent commission.

"2. That plaintiff never did produce or find a buyer for defendant's said land and was not in any way instrumental in selling the same.

"3. That said Rainey Ranch together with certain personal property was sold by defendant, himself and by reason of an agreement the defendant had with one F. E. Stewart, such agreement being made before plaintiff had been given any authority to sell said Rainey Ranch.

"4. That plaintiff never did produce a purchaser, who was ready or able, or willing to purchase said Rainey Ranch upon the terms given plaintiff to sell the same, nor did plaintiff furnish any purchaser whatever within the sixty days given him to find a purchaser, nor at any other time.

"As conclusions of law from the foregoing facts:

"The court holds that plaintiff is not entitled to any commission from defendant, nor has plaintiff been damaged in any sum or amount whatever by any acts of defendant."

Accordingly, judgment passed for defendant.

The essential feature of these findings,—namely, that plaintiff did not "produce or find a buyer for defendant's said land and was not instrumental in selling the same," is challenged by plaintiff as unsupported by the evidence, and raises the single question of fact above stated by appellant.

Stewart, the purchaser, testified that he learned of the Rainey Ranch and that its owner would sell it through persons other than and not through plaintiff, and, on February 18, 1914, he wrote Rainey that he had been so informed, inviting reply giving description of the property, price, and terms of sale. Rainey replied on February 21st and, on February 26th, Stewart wrote him: "I will come down and look

27 Cal. App.—15

at your place. We will probably not get away from here (Yreka) for several days and will call you up when we start." He testified that plaintiff did not tell him he had the place for sale. "Q. Did Mr. Stafford have one single thing to do with bringing you together with Mr. Rainey in making the sale? A. No, sir; nothing in the world." It appeared that Stewart left Yreka to go to the Rainey Ranch on February 27th. Before going he applied to plaintiff for a blank option which was given him by plaintiff and plaintiff volunteered to give him a letter of introduction to Rainey whom Stewart had never met. On that day or the day before plaintiff telephoned Rainey soliciting an answer to his former letter concerning the terms on which he would sell his ranch and it was in response to this request that Rainey wrote the letter of February 27th, relied upon by plaintiff in the action. Rainey testified that his correspondence with Stewart was before talking with plaintiff over the phone and before he had received any letter from plaintiff stating that he had a possible purchaser. "Q. As I understand you, Mr. Stewart never was mentioned to you by Mr. Stafford over the phone? A. Never. Q. And you had no idea that the man he talked about sending down was the man whom you had written to? A. I didn't have any idea. Q. So you had no chance to tell Mr. Stafford that the man he was talking about was the very man you had written to yourself about the farm, you did not have any chance to do that? A. I didn't have any chance, no. Q. You didn't suspect that Stewart was the man Stafford was talking about? A. I did not."

Without stating the evidence further, we think there was sufficient to justify the findings of the court. There is some conflict between the testimony given by Stewart and Rainey and that given by plaintiff as a witness in his own behalf, but it was for the trial court to determine, in view of all the facts and circumstances shown, whether plaintiff had procured Stewart as a purchaser for defendant's ranch. Where there is sufficient substantial evidence supporting the findings we have no concern with conflicting testimony of witnesses.

Appellant claims error in overruling his objection to the letters written by Stewart and Rainey to each other, on the ground that they were hearsay and not binding on plaintiff who had no knowledge of them. It was competent for defendant to show by this or other proper means that he had himself,

unaided by plaintiff, procured the purchaser. In *Crane* v. *McCormick*, 92 Cal. 176, [28 Pac. 222], cited by appellant, the contract provided that the commission should be paid if the owner should withdraw the property from sale or effect a sale in any way during the year. This is not the case here. Plaintiff was not given the exclusive right to sell the land and he does not base his claim on such right. He claims only that he procured Stewart as a purchaser. Failing to establish this claim he failed to maintain his action, for he makes no pretense of having procured any other purchaser or having tried to do so. No other alleged errors of law seem to call for notice.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.