(January 26, 1916.)

STEWART CAMPBELL, Respondent, v. COVE RANCH LAND AND LIVESTOCK COMPANY, Appellant.

[155 Pac. 662.]

COMMISSION CONTRACT—CONDITIONS PRECEDENT—INSTRUCTIONS.

1. Where a principal and agent expressly agree that the agent's right to compensation shall depend upon certain contingencies or conditions precedent, the agent cannot recover compensation for his services unless all such contingencies have, or have not, happened according to the agreement, or all the conditions precedent prescribed by the contract have been performed or fulfilled.

[As to commissions on sales as compensation to real estate agents, see notes in 12 Am. St. 589; 28 Am. St. 546; 139 Am. St. 225.]

2. Where a contract between an agent and a principal, entered into for the purpose of providing compensation to the agent for services rendered in a sale of real property, specifies that the principal agrees to pay the agent the sum of $3,000 from the last two payments made by the purchaser of the property to the principal, the payments having been stipulated in a contract between the owner and the purchaser to be made at a future date, but that the

principal should not be obligated to pay the agent said $3,000 until the funds should have been actually paid to it by the purchaser, and that the contract for compensation to the agent should be void in case the purchaser failed to make any of the payments stipulated for in the contract of sale, and thereafter the purchaser defaults on the payments under such contract, and a new contract is made by the owner of the property with a different purchaser for the continuation thereof and the completion of the transaction, but upon different conditions, inasmuch as the owner gives a deed to the property and accepts notes and mortgage security for the balance of the purchase price, *held,* that the acceptance by the principal of the notes and mortgage security does not constitute discharge of the "last two payments" specified in the contract with the agent.

3. *Held,* that the evidence in this case is not sufficient to show that any part of the $3,000 sued for has been paid to the appellant, and that the action is therefore prematurely brought.

4. *Held,* that the trial court erred in giving instruction numbered 9 and in refusing to give appellant's requested instruction numbered 16 regarding its liability to respondent under contract.

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. Edward A. Walters, Judge.

Action to recover commission for sale of real estate. Judgment for plaintiff. *Reversed.*

Sullivan, Sullivan & Baker and Waldemar Van Cott, for Appellant.

The respondent is not entitled to recover because H. F. Kilker did not perform his contract either in the time agreed or at all, nor was a payment made to the appellants as stipulated, either by H. F. Kilker or the respondent, and time was the essence of performance. (*Phillips v. Brown,* 21 Ida. 62, 120 Pac. 454.)

"The foundation of a broker's claim to compensation must be a contract for its payment, express or implied, and the whole service contracted for must be rendered before the right to compensation can attach." (*Chaffee v. Widman,* 48 Colo. 34, 139 Am. St. 220, 108 Pac. 995; *Loxley v. Studebaker,* 75 N. J. L. 599, 68 Atl. 98.)

"If the agent's employment be by special agreement, his right to compensation will be determined by the terms of the agreement exclusively." (1 Am. & Eng. Ency. of Law, 2d ed., 1095, 1096; *National Drill & Mfg. Co. v. Davis,* 29 Okl. 625, 120 Pac. 976; *McPhail v. Buell,* 87 Cal. 115, 25 Pac. 266; *Crane v. McCormick,* 92 Cal. 176, 177, 28 Pac. 222; *Lunney v. Healey,* 56 Neb. 313, 76 N. W. 558, 44 L. R. A. 593, 622; *Kane v. Dawson,* 52 Wash. 411, 100 Pac. 837; 19 Cyc. 240, 241.)

McFadden & Brodhead, Hawley & Hawley and Sam S. Griffin, for Respondent.

The contract between Mrs. Amelia Kilker and appellant was a continuance of the H. F. Kilker contract. (*Kinsland v. Grimshawe,* 146 N. C. 397, 59 S. E. 1000; *Burke v. Cogswell,* 39 Minn. 344, 40 N. W. 251; *Bishop v. Averill,* 17 Wash. 209, 49 Pac. 237, 50 Pac. 1024.)

The vendor had waived the defaults and could not defeat the broker's claim by selling under a new contract. (*Cody v. Dempsey,* 86 App. Div. 335, 83 N. Y. Supp. 899.)

Having admitted that it agreed to receive, and did actually receive, what it recognized as payment for the land for which it gave a deed, appellant is in no position to contend that payment sufficient to entitle respondent to recover has not been made. (3 Page on Contracts, par. 1396; 30 Cyc., "Payment," 1199 et seq., and cases cited.)

BOTHWELL, District Judge.—This is an action instituted by respondent, Stewart Campbell, against the Cove Ranch Land and Livestock Company, a corporation, to recover the sum of $3,000 for services rendered in connection with the sale of certain real estate in Blaine county, Idaho, as expressed in a written contract between respondent and appellant.

The cause was tried to a jury and a verdict was rendered in favor of the respondent for the sum of $3,000, with interest at the rate of six per cent per annum from August 21, 1913,

and judgment was thereupon rendered in favor of respondent and against appellant in accordance with the verdict. From this judgment this appeal is prosecuted.

Many errors have been assigned by the appellant, but for the purposes of this opinion it will be necessary to consider only the following:

1. That the evidence is insufficient to show that any part of the $3,000 mentioned in exhibit "D" and sued for in this action has been paid to the appellant;

2. That the court erred in giving instruction numbered 9;

3. That the court erred in refusing to give appellant's requested instruction numbered 16.

The undisputed facts pertinent to the first assignment of error are as follows: On May 17, 1910, one Silas L. Allred held an option from the then owner to buy certain land in Blaine county, known as "Halfway Ranch"; that upon said date Allred and his wife gave the respondent an option upon the ranch and respondent promised to undertake to sell the property and Allred and his wife agreed to take the sum of $25,000 therefor. On October 6, 1910, respondent and one H. F. Kilker entered into an agreement whereby the former agreed to sell to the latter, and the latter agreed to buy the ranch for $32,000. Kilker was to deposit at once $9,000 in the Bellevue State Bank as first payment, which should remain on deposit until respondent obtained title to the ranch and when he deposited a deed in escrow therefor he should receive the $9,000. On June 20, 1911, appellant, then being the owner of the ranch, agreed with respondent that appellant should agree to sell said ranch directly to Kilker, and thereupon appellant entered into a contract to sell the ranch to Kilker for $32,000, $9,000 to be then paid, $1,005 to be paid October 1, 1911, being interest on the principal sum from October 1, 1910, to October 1, 1911, $2,000 to be paid April 1, 1912, and $2,000 to be paid on April 1st of each year thereafter until the full purchase price was paid, all deferred payments to bear interest at the rate of six per cent per annum. This contract is designated as plaintiff's exhibit "C."

A duly executed deed from appellant to Kilker was placed in escrow, as provided in the contract, and the sum of $9,000 was thereupon paid to appellant by Kilker in accordance with its terms.   On the same day, June 20, 1911, respondent and appellant entered into an agreement, which is marked plaintiff's exhibit "D" in this case, in which reference was made to exhibit "C" and which recited that respondent had already been paid $4,000 as partial payment for services rendered in the sale of the ranch, and that he was to receive an additional $3,000 from the last two payments to be made by Kilker, together with interest at six per cent per annum, payable semi-annually.   Kilker borrowed a considerable portion of the $9,000 mentioned in the contract from his mother and sisters and gave notes therefor which notes have not been paid.   Of the sum of $9,000 the respondent received $4,000 and the appellant $5,000.   Kilker paid the $1,005 as agreed and the $2,000 principal and $690 interest that became due April 1, 1912.   He defaulted in the payment of interest, $640, due October 1, 1912, which was finally paid, however, on January 6, 1913, and thereafter Kilker personally made no payments.   Appellant extended the time of payment on the contract until July 31, 1913, and on that date Kilker sent the following telegram to James Chipman, president of the appellant company, at Salt Lake City, Utah; "Arrangements made for payment but security attached one hour before closing.   Money from the east within six days to satisfy claim."   On about August 5, 1915, Mrs. Amelia Kilker, mother of H. F. Kilker, tendered to the bank the sum of $2,600, which she represented to be the amount due on the contract between appellant and H. F. Kilker.   The bank refused to accept the tender, assigning as a reason that it no longer held the escrow deed.   As attorney for Mrs. Kilker, H. F. Ensign requested one of the officers of the bank to communicate with James Chipman, president of the appellant company, and in this manner an appointment was made between Mr. Ensign and Mr. Chipman at the Bellevue State Bank on August 18, 1913, H. F. Kilker also being present. As a result of this conference at Bellevue, the parties met

in Hailey, Idaho, on August 18th or 19th, 1913, and appellant
executed a deed to Amelia Kilker dated August 21, 1913,
conveying to her the said "Halfway Ranch." Mrs. Kilker
thereupon paid appellant the sum of $3,137.80 and executed
a mortgage on the property in favor of appellant, dated
August 21, 1913, to secure the payment of $17,720, evidenced
by eight promissory notes, each for the principal sum of
$2,215, due respectively one, two, three, four, five, six, seven
and eight years after date with interest at the rate of six
per cent per annum payable semi-annually. On the date of
the trial, June 4, 1914, the note that was to become due in
August, 1914, had been paid; the seven remaining notes had
not been paid.

This case was instituted and tried in the lower court upon
the theory that the execution and delivery of the deed to the
property in question by appellant to Amelia Kilker on August
21, 1913, and the giving of a mortgage by her to appellant
for the balance of the purchase price operated in law as pay-
ment sufficient to entitle the respondent to recover under the
contract marked exhibit "D." The terms of exhibit "D"
are in part as follows:

"And whereas, Stewart Campbell, of Hailey, Idaho, has
rendered as services in connection with the sale of said land
and has received as partial payment for said services the sum
of $4,000.00, and it is understood that, upon full payment of
the purchase price of such Halfway Ranch, viz., $32,000.00
by said Kilker to the Cove Ranch Land and Livestock Com-
pany, said Campbell shall receive the further sum of
$3,000.00;

"Now, therefore, for and in consideration of the premises
aforesaid, the said Cove Ranch Land and Livestock Com-
pany hereby agrees to pay unto said Campbell the sum of
Three Thousand ($3,000.00) Dollars from the last two (2)
payments made by said Kilker to said Company, under the
terms of the Contract first mentioned, and also interest on
said Three Thousand ($3,000.00) Dollars at the rate of Six
(6) per cent per annum, payable semi-annually.

"And it is understood and agreed that, neither the principal sum of Three Thousand ($3,000.00) Dollars, nor any instalment of interest thereon, shall become an obligation of the Cove Ranch Land and Livestock Company until the funds to meet any such payment shall have been actually paid to it by said H. F. Kilker, and that this contract shall be null and void in case said Kilker fails to make any of the payments stipulated in said agreement."

Respondent maintains that the payment of $3,137.80 on August 19, 1913, by Amelia Kilker to appellant, and the delivery of the deed and the giving of the mortgage on August 21, 1913, is, in effect, a continuation of the contract between appellant and H. F. Kilker, which is exhibit "C," and upon which exhibit "D" is contingent. This was one of the material issues submitted to the jury and we are of the opinion that there is substantial evidence to support the verdict in this respect. Can we say, however, that the transaction with Amelia Kilker was, in effect, a continuation of the terms of the contract evidenced by exhibit "C" and that the money due and owing under the terms of that contract was by the subsequent negotiations actually paid, and that, therefore, respondent is entitled to payment according to the terms of exhibit "D"? It is admitted that the last two notes are unpaid and that no payments have been made by Amelia Kilker in excess of those that were due under the terms of exhibit "C." Counsel for respondent urges that payment of these notes is unnecessary under the facts of this case, and quotes from the testimony of H. F. Ensign and James Chipman to the effect that the mortgage and notes were accepted by appellant in payment for the land.

In support of this contention our attention is directed to the following from Page on Contracts, vol. 3, sec. 1396: "If something other than money is delivered by the debtor to the creditor, it is possible that it may be delivered as absolute payment on the one hand or as collateral security or conditional payment on the other. If there is an agreement that it be taken as payment, it has such effect"; also to 30 Cyc., p. 1201, where the author states "that it is not neces-

sary to show an express agreement to take the bill or note as absolute payment, but that it is sufficient that there is an understanding to such effect.''

Were this an action between appellant and either of the Kilkers to determine whether or not the delivery of the deed and the giving of the mortgage for the balance of the purchase price amounted to the payment of the debt evidenced by exhibit ''C,'' the above authorities would be applicable.

The authorities bearing directly upon this phase of this case, to which our attention has been called, state the rule to be as follows:

''If the agent's employment be by special agreement, his right to compensation will be determined by the terms of the agreement exclusively.

''An agent may by special agreement with his principal so contract as to make his compensation dependent on a contingency. Under such contract he will be entitled to compensation on showing that the contingency has happened, or that performance was prevented through some fault of the other party.'' (1 Am. & Eng. Ency. Law, 2d ed., pp. 1095, 1096.)

Also: ''Where parties expressly agree that the agent's right to compensation shall depend upon certain contingencies or conditions precedent, an agent cannot recover compensation for his services, unless all such contingencies have or have not happened, according to the agreement, or all the conditions precedent prescribed by the contract have been performed or fulfilled.'' (1 Clark and Skyles on Agency, sec. 361; *National Drill & Mfg. Co. v. Davis,* 29 Okl. 625, 120 Pac. 976; *McPhail v. Buell,* 87 Cal. 115, 25 Pac. 266; *Crane v. McCormick,* 92 Cal. 176, 28 Pac. 222.)

Following respondent's theory to its logical conclusion, we may consider that H. F. Kilker continued with the option, exhibit ''C,'' without the intervention of Amelia Kilker, and that on August 19, 1913, he made the payment then due, received a deed and gave a mortgage in return for the balance of the purchase price. Could it be maintained that the last two notes had been paid and that appellant's obligation be-

came due under the terms of exhibit "D"?   The intention of the parties, respondent and appellant, in this case is embodied within the plain terms of respondent's exhibit "D," viz., "And it is understood and agreed that, neither the principal sum of Three Thousand ($3,000.00) Dollars, nor any instalment of interest thereon shall become an obligation of the Cove Ranch Land and Livestock Company until the funds to meet any such payment shall have been actually paid to it by said H. F. Kilker, and that this contract shall be null and void in case said Kilker fails to make any of the payments stipulated in said agreement."

We can but answer the questions above propounded in the negative and conclude that the evidence is insufficient to show that any part of the $3,000 mentioned in exhibit "D" and sued for in this action has been paid to the appellant, and that this action is therefore prematurely instituted.

The trial court, as instruction numbered 9, gave the following: "The jury are instructed that before Stewart Campbell can recover from the defendant corporation the sum for which he sues, you must find that the payments under the H. F. Kilker contract were made; but you are further instructed that in order to constitute payment under that contract it was not necessary that actual cash be paid to defendant corporation, nor was it necessary that the full amount due under that contract be paid, for if you find from the evidence that the defendant corporation gave a deed to the Halfway Ranch and accepted notes in payment for it under the H. F. Kilker contract, or some modification of it, then you are instructed that the plaintiff is entitled to recover the full amount for which he has sued"; and refused to give appellant's requested instruction numbered 16, which is as follows:

"You are instructed that the agreement between the defendant and plaintiff, dated June 21, 1911, and marked exhibit 'D,' expressly provided that the plaintiff was only to be paid from the last two payments to be made by said Kilker, and that if such payments were not made, that then said

plaintiff should be entitled to nothing, and you are therefore instructed that unless the evidence in this case shows to you by a preponderance that such last two payments have been made to the said defendant, then the said plaintiff is not entitled to recover any part of the principal sum of $3,000.''

These instructions bear directly upon the question raised by assignment of error No. 1 heretofore discussed, and for the reasons heretofore stated we must hold that the trial court erred in giving instruction numbered 9 and in refusing to give appellant's requested instruction numbered 16.

We may reiterate that this cause was instituted and tried upon the theory that the sum of $3,000 became due and owing to respondent on August 21, 1913, together with interest thereon from that date at six per cent per annum, and the action was neither instituted nor submitted to recover interest on the $3,000 that was due and payable to him as deferred interest payments, and this opinion should not be construed as denying his right to such relief.

For the foregoing reasons the judgment of the lower court is reversed, with direction that respondent's action be dismissed without prejudice. Costs awarded to appellant.

Morgan, J., concurs.

BUDGE, J., Dissenting.—I am unable to concur with the majority of the court in the above opinion, and therefore dissent.

Petition for rehearing denied.