THE STEVENSON COMPANY, RESPONDENT, v. EDWARD OPPENHEIMER, APPELLANT.

Submitted March 21, 1918—Decided June 6, 1918.

While the general rule is that a real estate broker, to earn his commission, must be the procuring cause of the sale, the parties may, by special agreement, so limit the operation of the rule, as to make its application depend upon the happening of some stated certain event, and where the written agreement provided for the payment of commission on the selling price "whenever the said property should be sold," the broker, after having advertised the property for sale, is entitled to his commission, under the contract, even though the property was sold by the owner himself.

On appeal from the First District Court of Newark.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the respondent, *Barrett & Barrett.*

For the appellant, *Kellogg & Chance.*

The opinion of the court was delivered by

MINTURN, J.   The allegation of the plaintiff, a domestic corporation, was that on April 23d, 1917, the defendant contracted in writing with it, whereby the plaintiff was authorized to sell a certain farm of the defendant for the sum of $7,500, constituting plaintiff sole selling agent, and agreeing to pay a commission of five per cent. upon the selling price "whenever the said property should be sold."

The plaintiff, in pursuance of the contract, advertised the farm and expended money and time in negotiating for its sale. Without notice to the plaintiff, the defendant, himself, within a month after the execution of the contract, sold the property for the sum of $7,500, but refused to pay to the plaintiff the agreed commissions. The trial court found for the plaintiff, from which judgment this appeal was taken.

While the general rule is that a broker to earn his commissions must be the procuring cause of the sale, the qualification has been imposed upon the rule by repeated adjudications, in this state, that the parties may by special agreement so limit the operation of the rule as to make its application depend upon the happening of some stated certain event. *Vreeland* v. *Vetterlein,* 33 *N. J. L.* 247; *Hinds* v. *Henry,* 36 *Id.* 328; *Payne* v. *Twitchell,* 81 *Id.* 193; *Dresser* v. *Gilbert, Id.* 358.

The last case cited presents an instance where the owner contracted to pay the stipulated commission to the agent, upon a sale of the property "by him, me or any other person," and this court held upon a sale of the property, by the owner himself, that the contingency presented by the contract thereby arose, and that the agent was entitled to his commission.

In that case we stated as *ratio decidendi* that the general rule governing the status between the parties was "a doctrine of public policy intended to effectuate justice between the parties, and is not intended to unmake an agreement which they deliberately executed, and which fixes the terms and conditions upon which compensation shall be made." The language presented by the contract in the case at bar is equally without qualification and is emphatic and specific in statement.

It promises to pay the agreed compensation to the plaintiff "whenever the said property is sold."

The defendant would add to this promise, in effect, the words "sold by the Stevenson Company." But we find no warrant in the contract for the application of such qualifying language, and we must assume that if the defendant intended to so limit its operation he would have caused the words of qualification to be added before the execution of the contract. His failure so to do leads us to conclude that the construction contended for by him was not within the contemplation of the parties; but that, on the contrary, a sale made by the owner which in practical effect prevented the sale intended by the agreement, was within the contemplation of the par-

ties when they employed the generic language contained in, the contract. It is to be observed, also, that the contract was exclusive in its nature and was intended to commit the sale of the property exclusively to the plaintiff.

If the construction of the defendant were to be accepted, the efforts of the plaintiff, even though they awakened into activity by advertisement, hearsay or other indirect method of inquiry, the curiosity of the purchaser, and ultimately led to the sale, would still go unrewarded and unrecognized—a situation which was criticised adversely in *Vreeland* v. *Vetterlein, supra,* and *Weeks* v. *Smith,* 79 *N. J. L.* 388.

By the construction we have put upon the contract *sub judice,* in accepting the plain language of the parties as indicative of their intent, such an inequitable result in this instance is rendered impossible.

We find no merit in the remaining contentions of the defendant and conclude that the judgment should be affirmed, with costs.