GREENE, Respondent, vs. MINN BILLIARD COMPANY, Appellant.

*January 14—February 10, 1920.*

*Brokers: Exclusive agency: Commission paid regardless of who negotiates sale: Contracts: Consideration.*

1. An agreement by the owner of real property to pay a broker a commission "if the property is sold or exchanged before this agreement is terminated, regardless of who negotiates the sale," is legal.

2. Such an agreement obligates the owner to pay a commission upon sale of the property within the life of the agreement, though the purchaser was procured by the owner and not by the broker, the agreement being broad enough to require payment to the broker regardless of who procured the purchaser. *Roberts v. Harrington,* 168 Wis. 217, distinguished.

3. A complaint alleging that the broker spent time and money in an effort to sell the property shows a consideration moving since the execution of the agreement and before suit, and, so far as consideration is concerned, an action may be maintained even though the owner was not benefited, as it is sufficient that there was a detriment to the broker.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Action to recover commission on the sale of real estate based upon a written contract, the material portion of which reads:

"You are hereby given exclusive authority to sell the property described on this card for $75,000. In case of sale you are authorized to sign memorandum of sale as agent. . . . I agree to pay a commission to you of three per cent. of the sale price if the property is sold or exchanged before this agreement is terminated, regardless of who negotiates the sale. This agreement is in full force and effect until January 1st, 1919."

The complaint alleges, among other things, that in reliance upon such agreement plaintiff spent money and time in an effort to negotiate a sale of the property, and upon information and belief it is alleged that the defendant sold

the property on or about December 2, 1918, for $75,000, and judgment for $2,250 is asked.

The court overruled a general demurrer to the complaint, and from an order entered accordingly the defendant appealed.

The cause was submitted for the appellant on the brief of *Orth & Orth* of Milwaukee, and for the respondent on that of *Bohmrich & Gabel* of Milwaukee.

VINJE, J.    The defendant urges that since the giving of an exclusive agency to sell does not debar the owner from selling within the life of the contract to one not believed to have been procured by the agent (*Greene v. American M. Co.* 153 Wis. 216, 140 N. W. 1130) ; since the giving of an exclusive sale is similarly construed in *Roberts v. Harrington,* 168 Wis. 217, 169 N. W. 603; and since this contract, like that in the last case cited, is unilateral and without consideration at the time it was entered into, it should receive a construction like that of the *Roberts Case.*    In that case the crucial question was, Had the owner parted with authority to sell within the life of the contract? and it was held that he had not because the language of the contract was not specific enough to negative such right of the owner.    That it could be negatived was of course taken for granted.    The situation there depended upon the construction of the contract alone.    That being construed, there was no conflict as to the well known principles that apply to such a contract. The construction of the contract related to the time of its execution, and the fact as to whether or not a consideration passed was deemed material as bearing upon the construction that should be given it; and it was pointed out that, since no consideration there passed from agent to owner, the contract would not upon doubtful language be construed against the right of the owner to sell—that the language barring such right must be clear and unequivocal.    It was recognized that at the time the action was brought a

consideration had moved from the agent because it was in evidence that he had spent time and money in trying to sell the property. But since at the time the contract was executed it depended upon the will of the agent whether a consideration should ever move from him, it was said that the situation affected the construction to be given doubtful language in the contract.

Here the question is not, as in the *Roberts Case,* whether the owner has parted with power to sell within the life of the contract, but whether he has agreed to pay plaintiff a commission if property is sold by any one within its life. The language in the contract, "I agree to pay a commission to you of three per cent. of the sale price if the property is sold or exchanged before this agreement is terminated, regardless of who negotiates the sale," seems both clear and specific and seems to contemplate that others than the agent may negotiate the sale, and is equivalent to saying that if a sale or exchange of my property takes place within the life of the contract I will pay you three per cent. of the purchase price—a perfectly legal agreement. The argument by defendant, that the words "regardless of who negotiates the sale" do not include a situation where the purchaser is not procured by the agent, we regard as giving too narrow a meaning to them. They are broad enough to cover the case where the purchaser is procured by the owner or any one else.

Construction by other courts of like or similar contracts is to the same effect. See *Novakovich v. Union T. Co.* 89 Ark. 412, 117 S. W. 246; *Crane v. McCormick,* 92 Cal. 176, 28 Pac. 222; *Metcalf v. Kent,* 104 Iowa, 487, 73 N. W. 1037; *Chapin v. Bridges,* 116 Mass. 105; *Cook v. Blake,* 98 Mich. 389, 57 N. W. 249; *Mercantile T. Co. v. Lamar,* 148 Mo. App. 353, 128 S. W. 20; *Howard & Brown R. Co. v. Barnett* (Mo. App.) 206 S. W. 417; *Stevenson Co. v. Oppenheimer,* 91 N. J. Law, 479, 104 Atl. 88.

The complaint alleges that in reliance upon the agreement

plaintiff spent time and money in an effort to sell the property. This shows a consideration moving since the contract was executed and before suit. That is sufficient to sustain an action so far as consideration is concerned. It may be that the consideration did not benefit the defendant, but it is enough that it was a detriment to plaintiff. *John A. Tolman & Co. v. Infusina, ante,* p. 433, 175 N. W. 916.

By the Court.—Order affirmed.