PISZCZEK, Respondent, vs. ZIOLKOWSKI, Appellant.

*October 8—November 5, 1929.*

*I. B. Padway* of Milwaukee, for the appellant.

For the respondent there was a brief by *Kleczka & Kleczka* of Milwaukee, and oral argument by *Leonard J. Kleczka.*

CROWNHART, J.   The appellant and the respondent entered into a contract in writing, whereby the respondent undertook to sell the appellant's real estate on commission. The contract was drawn by respondent on a printed form, which was filled in by respondent in his handwriting.   It reads as follows:

*Exclusive Agency Contract.*

Owner, M. Ziolkowski.          Date, March 25, 1927.
Address, 1139 10th Ave.   Phone No. 06070.
     Jos. W. Piszczek,
          Real Estate—Insurance.

In consideration of your agreement to list and to use your efforts to find a purchaser for the herewith described property, the undersigned hereby grants and gives you the sole and exclusive right to sell the premises known as store and dwelling in the city of Milwaukee, county of Milwaukee, Wisconsin, and legally described as meat market and grocery and all fixtures, for the sum of fifteen thousand five hundred ($15,500) dollars ($16,500 in trade), and if a sale or exchange is made, or a purchaser found therefor, by yourself . . . or . . . , or any other person, at the price and upon the terms specified herein, or at any other price or terms which the undersigned may hereafter authorize or accept during the life of this contract, or if sold or exchanged within six (6) months after the termination of this contract to any one with whom you negotiated during the life of this contract and of whom . . . have been notified in writing, the undersigned agrees to pay you . . . per cent. (5 %) commission; will furnish a complete abstract showing merchantable title to date of sale and

will convey title in fee simple by warranty deed, with full covenants.

Will accept land contract—3 % on land contract.

In case a deposit is forfeited by a purchaser, the same shall first be applied on the commission of the agent, and the balance, if any, shall belong to the owner.

This contract to remain in force until the 25th day of May, 1927, and thereafter until terminated by the undersigned giving 30 days' notice in writing.

MARTIN ZIOLKOWSKI. (Seal)

Above contract accepted

By Jos. W. Piszczek.

At the same time the respondent purported to give the appellant a copy of such original, but the copy had the figure "3" inserted in place of the figure "5" in the original as fixing the commission, and the words written in the original, to wit, "Will accept land contract—3 % on land contract," were not written in the copy.

The respondent made prompt and proper efforts to sell the property, but did not succeed in making the sale. Appellant, within the time fixed in the contract, entered into a binding agreement to exchange his property for other property and part cash, which agreement was later carried out.

The respondent recovered judgment on the theory that the contract gave him the exclusive right of sale of the property, and that he was entitled to the commission therein provided, whether the sale was made by himself or "regardless of who makes the sale," as held by this court in *Greene v. Minn Billiard Co.* 170 Wis. 597, 176 N. W. 239. It is the contention of the appellant that the contract should be construed so as not to preclude himself (the owner) from making the sale, as held by this court in *Roberts v. Harrington,* 168 Wis. 217, 169 N. W. 603. We find it unnecessary to construe the contract in this regard. Czerbinski, a real-estate broker, took the purchaser to appellant's premises to look at the property. The parties thereupon went to

Czerbinski's office and there entered into the contract of sale. In such contract it was provided that Czerbinski should receive $450 as commission. The agreement was drawn by Czerbinski's agency. The evidence is conclusive that appellant did not himself produce the sale, but that the sale was through the agency of Czerbinski.

The appellant further contends that in no event is he liable for more than three per cent. commission for the reason that the sale made by him was by land contract and included an exchange or trade of properties, and the lower court was in error in construing it to provide for a five per cent. commission.

The language written into the contract, "Will accept land. contract—3 % on land contract," is sufficiently ambiguous to permit of oral testimony to explain it. That testimony was furnished by the respondent himself, viz.:

"My name is Joseph W. Piszczek, and my occupation is real-estate broker. I am duly licensed by the real estate board of the state of Wisconsin, and was so licensed in 1927. On the 25th day of March, 1927, Mr. Ziolkowski signed this agreement, plaintiff's Exhibit 1, and that agreement was filled out before he signed it and as it now stands there. We had quite a lengthy talk about this contract. I have known Mr. Ziolkowski for many years and he came into my office and told me he would like to have me sell his property. We were talking about different places he had in mind, telling me if I sold this place at $15,500 he would pay me five per cent. commission providing it was sold for cash—no trade taken in, including all the fixtures. If it was to be sold in trade the price was to be sixteen thousand five hundred and the commission was to be cut to three per cent., and he was willing to sell on land contract also."

And again:

"To make the contract read right I put in a 5 and put the 3 per cent. on the bottom to show if it was a land contract, or if it was a trade the price was to be—the commission was to be 3 per cent."

In the view we take of the case, other questions raised need not be considered.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment for the respondent for three per cent. of $17,000, the appellant to have costs.