| 87  115
|100  657
| 87  115
|104  607
  87  115
f129  390

[No. 13784.   Department One. — December 15, 1890.]

# H. A. C. McPHAIL, APPELLANT, v. A. W. BUELL, RESPONDENT.

BROKER'S COMMISSIONS ON SALE OF REAL ESTATE — ASSUMPSIT — PAROL CONTRACT — QUANTUM MERUIT — STATUTE OF FRAUDS. — To entitle a broker to recover commissions due for the sale of real estate, his contract therefor must be in writing, and no recovery can be had upon a verbal contract or on a *quantum meruit*.

ID. — CONDITIONAL CONTRACT FOR COMMISSIONS — FAILURE OF CONDITION. — Under an agreement by a vendor to pay a broker a commission for selling land when the vendees paid a specified sum on account of the price, and executed their notes and a mortgage for the balance, no recovery can be had for the agreed commission, if the purchasers merely executed their notes and mortgage to the vendor, but never paid the sum required, and on account of their failure to make such payment the vendor was compelled to take back the property.

APPEAL — REVIEW — ERROR WITHOUT PREJUDICE. — Where the record shows that the appellant is not entitled to recover in any event, error in rulings of the court upon the admission of evidence cannot entitle him to a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Cope & Boyce,* for Appellant.

*B. F. Thomas,* for Respondent.

WORKS, J.—The appellant brought this action to recover for commissions alleged to have been due him for making sale of certain real estate for the respondent.

The complaint is in different counts, one upon a special contract agreeing to pay the commissions, and the others relying upon a verbal contract and upon the *quantum meruit*. There could be no recovery on either of the last two counts, because the code of this state requires that, to entitle a broker to recover commissions in this class of cases, his contract therefor must be in

writing. (Civ. Code, sec. 1624; *McCarthy* v. *Loup,* 62 Cal. 302.)

It is equally clear, to our minds, that the appellant was not entitled to recover on the written contract. The agreement was, that the defendant would pay the plaintiff when the vendees paid to him (the defendant) the sum of twenty thousand dollars on account of the price of said sale, and execute to him their notes and mortgage for the balance of the purchase-money. The purchasers executed their notes and mortgage, but failed to pay the sum of twenty thousand dollars, either at the time of making the deed, or upon the notes given afterwards. Although the defendant extended the time of payment, and used all reasonable means to procure the money, he was finally compelled to take back the property. Their failure to pay the money was a complete bar to any claim of the appellant to commissions.

The appellant contends that certain errors were committed by the court below in its rulings upon the admission of evidence and in its instructions; but conceding this to be so, the case could not be reversed on account of such rulings, as, for the reasons given, the appellant could not recover in any event.

Judgment and order affirmed.

Fox, J., and Paterson, J., concurred.