## BULLION & EXCHANGE BANK OF CARSON CITY v. SPOONER et ux.

## No. 18,192; March 14, 1894.

### 36 Pac. 121.

**Mortgages—Foreclosure—Maturity of Debt.—When an Over-draft Account** with a bank is secured by a note and mortgages payable on or before three years, and interest as due is charged in the account, the rules against parol evidence (Civ. Code, sec. 1625; Code Civ. Proc., sec. 1856) forbid proof of an oral agreement that the debt should be due at any time within the three years, at the bank's option.

APPEAL from Superior Court, Lassen County; W. T. Masten, Judge.

Action by the Bullion & Exchange Bank of Carson City against M. E. Spooner and Clara, his wife, to foreclose mortgages. Judgment for defendants. Plaintiff appeals. Affirmed.

Goodwin & Dodge and Trenmor Coffin for appellant; A. L. Shinn for respondents.

BELCHER, C.—In 1890 the plaintiff was a corporation engaged in the business of banking at Carson City, in the state of Nevada. The defendant M. E. Spooner did business with the plaintiff, and on December 27, 1890, was indebted to it in the sum of $14,240.79, on an overdraft account. On that day he executed to the plaintiff a deed, absolute in form, of certain real property situated in Ash valley, Lassen county, California, and known as the "Spooner Ranch"; and at the same time he also executed to the plaintiff his promissory note for $20,000, payable "on or before three years after date," with interest, payable monthly, at the rate of nine per cent per annum from date until paid, and a chattel mortgage, to secure payment of the note, on certain personal property situated in said Ash valley, and described as two hundred head of horses, more or less, including three thoroughbred stallions, and six hundred head of cattle, more or less, with all the increase of such horses and cattle. The mortgage provided "that, if the

mortgagor shall fail to make any payment as in the said promissory note provided, then the mortgagee may take possession of said property, using all the necessary force so to do, and may immediately proceed to sell the same in the manner provided by law," etc. These papers were all parts of one transaction, and were made to secure payment to the plaintiff of the said overdraft account. The deed and mortgage were thereafter, on January 9, 1891, duly recorded in the recorder's office of Lassen county. At the time of the execution of the above-mentioned papers, the plaintiff also executed to the defendant its written obligation to reconvey to him, "on or before the twenty-seventh day of December, A. D. 1893," all of the real property described in the said deed, provided the defendant shall, on or before the day named, have paid to the plaintiff the sum of $20,000, according to the terms and conditions of the said promissory note, a copy of which was set out in the undertaking. Thereafter the amount due on the overdraft account was carried forward in the general bank account of defendant, and from time to time up to October 1, 1892, defendant deposited with and paid to plaintiff various sums of money, aggregating, as the court below found, $64,046.83, which sums were credited generally upon said account. The defendant drew checks against the money so deposited, and his checks were paid up to the fall of 1892, when the plaintiff refused to pay any further drafts. Meantime, the plaintiff had computed interest monthly, at the rate of nine per cent per annum, on the amount due it, and had charged the same in the account. At the time of the commencement of the action, the amount claimed by plaintiff to be due on the account was $12,146.50. On the 12th of August, 1892, the plaintiff and defendant agreed upon and designated in writing one James Marshall as a pledge-holder to go to Ash valley, and to immediately take possession of and hold all the personal property mentioned in the said chattel mortgage as security for the payment of the said indebtedness. Afterward, the plaintiff, claiming that the value of the property which it held as security was insufficient to secure the balance due on the said account, and that defendant had fraudulently misrepresented the value of the property at the time of executing the deed and chattel mortgage as aforesaid, demanded of defendant that he give further security; and, this demand

being refused, it commenced this action, on October 25, 1892, to foreclose its lien upon all of the real and personal property covered by the said deed and chattel mortgage.

One of the issues raised by the answer was as to whether the indebtedness from defendant to plaintiff was due at the time the complaint was filed; and upon this issue the court found "that it was not agreed nor intended that the principal sum of said indebtedness from said defendant M. E. Spooner to plaintiff should be paid whenever demanded by plaintiff, but it was agreed that said indebtedness should be paid on or before the twenty-seventh day of December, 1893, at the option of the said defendant M. E. Spooner; and the said indebtedness is not due, nor any part thereof." And as a conclusion of law the court found "that no cause of action exists for the recovery of the indebtedness from the defendant M. E. Spooner to plaintiff, nor for the foreclosure of any mortgage lien or security given to secure said indebtedness, and that plaintiff is not entitled to any judgment for said indebtedness, nor to any decree foreclosing any liens upon, or for the sale of any of, the property described in the complaint." Upon this branch of the case, judgment was accordingly entered in favor of the defendant, from which the plaintiff appeals.

Whether or not the finding above quoted was justified by the evidence is the principal question in the case. In our opinion, the finding was justified, and must be held controlling as to all other questions presented by the record. It is not controverted that the deed, agreement to reconvey, note and chattel mortgage were all parts of one transaction, and were intended by the parties to operate simply and solely as security for the payment of defendant's overdraft account. These papers are, therefore, to be read together as one instrument; and when so read they express, in clear and unmistakable terms, the time when that indebtedness was to become due and collectible, namely, on December 27, 1893. Section 1856 of the Code of Civil Procedure provides: "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms"; and that, as between the parties, there can be no other evidence of the terms of the agreement, except in certain cases, of which this is not one. And section 1625 of the Civil Code provides: "The execution of a contract in writing, whether

the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.'' Under the circumstances shown, the plaintiff was not entitled to prove that it was orally agreed that the debt should be due and collectible at any time at its option, and the court did not err in excluding the evidence offered upon that subject: Booth v. Hoskins, 75 Cal. 271, 17 Pac. 225. Section 2999 of the Civil Code has no bearing on the case. That section refers solely to a case where a debtor has obtained credit or an extension of time by a fraudulent misrepresentation of the value of property pledged. There is no evidence here that at the time defendant obtained credit, or at the time he obtained the extension of time to pay his debt, he made any fraudulent misrepresentation as to the value of his property; nor does it appear that at that time he made any pledge of property.

The other points discussed by counsel for appellant do not require special notice, for, conceding that the court erred in its rulings, as claimed, the errors were harmless. Where the record shows that the appellant is not entitled to recover in any event, error in the rulings of the court upon the admission of evidence cannot entitle him to a reversal of the judgment: McPhail v. Buell, 87 Cal. 115, 25 Pac. 266. And where evidence, admitted against objection, relates only to an issue which is rendered immaterial by the evidence and findings upon other issues, which are decisive of the case, any error in its admission is harmless, and is not ground for reversal of the judgment: Clavey v. Lord, 87 Cal. 413, 25 Pac. 493. So, the failure to find any fact, or an erroneous finding of any fact, unless the finding, if correctly made, would change the judgment, is immaterial: Dedmon v. Moffitt, 89 Cal. 211, 26 Pac. 800. It follows that the action was prematurely brought, and the judgment should be affirmed.

We concur: Temple, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.