LAIRD v. ELLIOTT.    (No. 8315.)

(Court of Civil Appeals of Texas. Dallas. Feb. 21, 1920. Rehearing Denied March 20, 1920.)

BROKERS ⏂64(2)—BROKER HELD NOT ENTITLED TO COMMISSION UPON PURCHASER'S FAILURE TO MAKE PAYMENT.

Where purchaser procured by broker failed to make the payment required by contract of sale within the required time, owner who had been ready to convey land upon tender of the requested money within the required time was justified in calling the trade off, and upon so doing was not liable to broker for his commission, where such commission under the brokerage contract was to be "paid only when the deal is closed and purchase money paid."

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by A. S. Laird against J. T. Elliott. Judgment for defendant, and plaintiff appeals. Affirmed.

Brooks, Worsham & Graham, of Dallas, for appellant.
W. A. Kemp, of Dallas, for appellee.

RAINEY, C. J. Suit by appellant against appellee to recover commissions alleged to be due for finding a purchaser who was willing, able, and ready to buy about 944 acres of land situated in Dallas county, Tex. Appellee answered by special and general exceptions and general denial. The court instructed a verdict for appellee, and the jury returned a verdict, and the plaintiff appeals.

The appellant, a real estate broker, and the appellee, the owner of said land, entered into the following contract:

"Dallas, Tex., July 18, 1918.

"This agreement between J. T. Elliott and A. S. Laird, of Dallas, Tex., provides: That whereas A. S. Laird, as agent for J. T. Elliott, has contracted the sale of about nine hundred and forty-four acres of land at $102.00 per acre gross, the said Laird is to be paid $5.00 as commission, leaving J. T. Elliott $97.50 per acre net; commission is to be paid only when the deal is closed and purchase money paid.

"[Signed]                    J. T. Elliott.
               "A. S. Laird."

Pursuant to said contract appellant procured the following contract:

"The State of Texas, County of Dallas.

"To whom it may concern: This contract written in triplicate this day entered into by and between J. T. Elliott, of Dallas county, Tex., party of the first part, and E. S. Heyser and C. W. Elliott, of Dallas county, Tex., and R. J. Caldwell, of Ellis county, Tex., parties of the second part, witnesseth:

"Party of the first part agrees to convey by warranty deed the following described real estate situated in Dallas county, Tex., to parties of the second part. This conveyance is to be made for the consideration and on the terms hereinafter specified: About 944 acres of land about three (3) miles from the city limits of Dallas on White Rock creek between the T. & N. O. R. R. and the Kaufman pike; the consideration to be $102.50 per acre gross.

"Party of the first part agrees to furnish an abstract showing good title to the land.

"The parties of the second part agree to pay for the above-described land as follows: $10,000.00 when the abstract has been examined and title approved; $15,000.00 January 1, 1919; $5,000.00 January 1, 1920; $5,000.00 January 1, 1921; and $10,000.00 per annum beginning January 1, 1922, until the balance of the purchase price has been paid. All deferred payments shall bear interest at the rate of six (6%) per cent., payable annually. Interest on deferred payments shall begin on January 1, 1919.

"The parties of the second part agree to execute vendor lien notes and deed of trust in the usual form for the amount of the deferred payments. All deferred payments may be made on or before maturity at the option of the purchaser.

"Parties of the second part shall have thirty (30) days' time for the examination and approval of the abstract. Should any objections be found, party of the first part shall have a reasonable time to correct same.

"Party of the first part agrees to release blocks of fifty (50) acres or more of the land on the payment of $125.00 per acre, including the proportionate part of the cash payment. Land released shall be cut off so as to leave the remainder of the land in uniform shape and not impair its value.

"Purchasers place with Agent A. S. Laird $1,000.00 as evidence of good faith in carrying out of this contract. This contract shall be completed without unnecessary delay.

"Witness our hand this the 18th day of July, A. D. 1918. [Signed] J. T. Elliott, Party of the First Part.    Chas. W. Elliott, E. S. Heyser, Parties of the Second Part.    A. S. Laird, Agent."

The abstract mentioned in the contract for the sale of said land last mentioned was furnished to said proposed purchaser, on the 4th day of August, and by the terms of said contract the date the deal was to expire was fixed, and it was agreed that said time should be the 5th day of September, the abstract having been furnished more than 30 days before that time, and it was agreed and understood between the parties that the parties waived the furnishing of said abstract. But the proposed purchasers never tendered any cash payment as stipulated in said contract up to and including the 5th

day of September, and the sale of said land was not closed and the purchase money paid. The commissions as stipulated to be paid by the terms of the contract were that "commission is to be paid only when the deal is closed and purchase money, paid." Appellee, up to the time of the expiration of the contract of sale, was ready to convey the land had the money been offered him.

Appellant contends that he furnished parties ready, willing, and able to purchase the land, and that appellee called the trade off before the time limit expired. We do not agree to this contention. As we understand the evidence, he waited until the expiration of the time limit. No money had been tendered him, and he was justifiable in calling the trade off. The proposed purchasers all testified that they were all ready and willing to close the trade, but they did not evidence any desire to do so by tendering the money for the cash payment.

We are of the opinion that the trial court committed no error in instructing a verdict for appellee.

The judgment is affirmed.