## RILEY v. PALMER. (No. 2128.)*

(Court of Civil Appeals of Texas. Amarillo. April 25, 1923. Rehearing Denied May 9, 1923.)

1. **Appeal and error ⊗═731(5)—Assignment as to sufficiency of evidence held too general.**

An assignment that "the evidence is not sufficient to support the verdict of the jury or the judgment of the court" is too general to require consideration; there being nothing to inform the court what evidence is relied upon to show the inconsistency between the verdict and the evidence.

2. **Trial ⊗═25(7)—Intervener not entitled to open and conclude evidence or argument.**

Under Rev. St. arts. 1951, 1953, as to order of introducing evidence and making argument, where all of the defendants did not admit plaintiff's cause of action, an intervener *held* not entitled to open and conclude the evidence or argument.

3. **Brokers ⊗═64(2)—Where commission depended on payment of purchaser's note, seller not liable where note not paid, in absence of bad faith.**

Where broker waived his right to commission unless the purchaser paid the first partial payment note, the vendor was not liable to the broker for the commission where the note was not paid, in the absence of a showing of bad faith or misconduct by the vendor, as by preventing the payment of the note.

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 13, 1923.

**4. Brokers ☞64(2)—General rule as to conditional commission stated.**

Where there is a special contract making the broker's commission dependent upon the performance of some act by the purchaser, the broker will not be entitled to recover unless he shows the purchaser's performance or the principal's prevention of performance.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by L. G. Palmer against S. R. Van Buskirk and others, in which W. L. Riley intervened. From the judgment, intervener appeals. Affirmed.

See, also, 237 S. W. 326.

M. Cammack, of Amarillo, for appellant.

Veale & Lumpkin, of Amarillo, for appellee.

KLETT, J. In the amended original petition the appellee sued appellant and 27 others in two counts, asking: First, for judgment on four vendor's lien notes of $3,000 each and one note of $1,500, executed by defendant S. R. Van Buskirk in part payment for lots in Amarillo, Tex., and for foreclosure of the vendor's lien upon said property as against all defendants; and, second, that plaintiff, in the trespass to try title count, have judgment for the title and possession of said lots. Defendant W. L. Riley styling himself as an intervener, filed a plea of intervention, as well as an answer, adopting the averments of the plea of intervention, alleging that he was a broker at the time of the sale of the lots by plaintiff to the defendant Van Buskirk, and was employed by plaintiff to find a purchaser, and that he did find a purchaser, to wit, the defendants herein, to whom the lots were conveyed for a consideration of $15,000; that plaintiff promised to pay intervener a commission of $750 for making the sale; that the plaintiff agreed to pay intervener the commission out of the first proceeds collected on said notes; that plaintiff assigned to intervener an interest in said notes sufficient to pay the commission on said deal; that it was agreed that said notes, or the proceeds thereof, should be held as collateral security for the payment of said commission; that intervener is the owner of an interest in the vendor's lien notes to the extent of $750, and asks that he have judgment for his debt and foreclosure of his lien. The statement of facts contains copies of answers filed by other defendants. These pleadings were introduced in evidence by plaintiff. They do not appear in the clerk's transcript. Some of the defendants filed only general demurrers and general denial and some disclaimers. Defendant Van Buskirk filed a verified answer alleging that prior to the date of said deed and notes a number of the defendants, naming them, associated themselves together for the purpose of forming and becoming stockholders in a corporation, to be known as the Plains Co-operative Building Association, and that by agreement between plaintiff and said defendants the deed was made to the defendant Van Buskirk as trustee for said defendants until the corporation could be organized and chartered and with the explicit understanding that said Van Buskirk was not to be responsible as maker of said notes.

It was after the filing of this answer by Van Buskirk that the plaintiff filed his amended petition. Plaintiff's second supplemental petition alleges that on or about March 1, 1920, plaintiff was the owner of the lots in controversy; that on said date defendant Riley sought to obtain from the plaintiff a listing of said property for sale; that plaintiff listed said lots with the defendant Riley for sale for $12,000 of which one-fourth was to be paid in cash, with the understanding that, in the event of a sale, the plaintiff would pay the defendant Riley a commission of $600; that soon after the listing the plaintiff decided to advance the price of the property and informed the intervener that he would not take less than $15,000, but stated to the intervener that, in the event he found a purchaser for said property who would give $15,000 and pay as much as $3,000 in cash, he would make the sale and pay the commission stated; that on or about March 12, 1920, the intervener reported he had found a purchaser, but that the purchaser was unable to pay $3,000 in cash; that thereupon the plaintiff refused to sell the property; that, as an inducement to obtain the plaintiff to sell and convey said property to the intervener's purchaser, it was proposed and agreed by the intervener, who was also one of the purchasers, that if the plaintiff would take only $1,500 in cash and accept notes for the balance of the consideration, the intervener would waive, and not claim, any commission until the first note was paid; that the note was never paid; and that therefore intervener was not entitled to the commission.

On the day the case was called for trial the defendant Riley entered a denial of plaintiff's second supplemental petition, and demanded strict proof of the allegations therein contained, and on the same day filed another pleading, stating that he admitted that the plaintiff had a good cause of action as set forth in the amended original petition, "except so far as same may be defeated in whole or in part by the facts of the answer and plea in intervention, constituting a good defense which may be established on the trial," and prayed that he be permitted to open and close the testimony and argument. A bill of exception at this point in the transcript, which recites an agreement between the parties as to the pleadings on file, shows that the de-

fendant 'Riley was refused the right to open and close either the testimony or argument.

In answer to special issues the jury found: (1) That after the plaintiff had raised the sale price of his property to $15,000 the amount he agreed to pay defendant Riley as a commission was $750; (2) that the plaintiff (a) did not unconditionally agree to pay to defendant Riley a commission for effecting the sale, but did agree (b) to pay such commission only in the event that the sale should be made, and that the first $3,000 note executed in part payment for the property should be fully paid; (3) that the defendant Riley agreed that he would waive and not claim a commission unless and until the first $3,000 was paid; (4) that the plaintiff did not assign to the defendant Riley an interest in the notes sued on; (5) that the plaintiff did not agree with the defendant Riley that said notes or the proceeds thereof should be held as collateral security for the payment of any commission; (6) that the plaintiff and the defendant Riley did not agree or intend to charge the note sued on or the funds realized from the collection of same with the payment of the commission; and (7) that said parties did not contemplate or agree that a lien should be retained upon said notes to secure the payment of commission. When the answers of the jury were returned, defendant Riley filed a motion asking that he have judgment as prayed for in his pleadings. The trial court overruled the motion and entered judgment for plaintiff for the title and possession of the lots.

[1] The material facts, about which there was much controversy, are reflected in the findings of the jury. The appellant has an assignment that "the evidence is not sufficient to support the verdict of the jury or the judgment of the court," but we think this assignment too general to require us to consider it, because, as said by Spencer, J., of the Texas Commission of Appeals:

"There is nothing to inform the court what evidence is relied upon to show the inconsistency between the verdict and the evidence." Railway Co. v. Patterson, 228 S. W. 119.

[2] We are not persuaded that there was error in refusing to allow appellant, as intervener, the right to open and conclude either the evidence or the argument. The Legislature of the state has prescribed the order of proceedings on trial by a jury as follows:

"Art. 1951. 1. The plaintiff or his counsel shall read his petition to the jury.

"2. The defendant or his counsel shall read his answer.

"3. If there be any intervener, he or his counsel shall read his pleadings.

"4. The party, plaintiff or defendant, upon whom rests the burden of proof on the whole case under the pleadings, shall then be permitted to state to the jury briefly the nature of his claim or defense and facts relied on in support thereof.

"5. Such party shall then introduce his evidence.

"6. The adverse party shall then be permitted to state briefly the nature of his defense or claim and the facts relied on in support thereof.

"7. He shall then introduce his evidence.

"8. The intervener, if any, shall, in like manner, be permitted to make his statement, and shall then introduce his evidence.

"9. The parties shall then be confined to abutting testimony on each side."

"Art. 1953. *Order of Argument.*—After the evidence is concluded, the parties may submit the case to the jury in argument; the party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument; where there are several other parties having separate claims or defenses, and represented by different counsel, the court shall prescribe the order of argument between them."

The Supreme Court has also passed the following rules for trials in the county and district courts:

"31. The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial, which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open or conclude in adducing the evidence and in the argument of the cause."

"37. Counsel for intervener shall occupy the position in the argument assigned by the court, according to the nature of the claim."

142 S. W. xx.

Under neither the rules nor the statutes was the intervener entitled to open and conclude the evidence or argument. Hittson v. Bank (Tex. Sup.) 14 S. W. 780; Guerguin v. Boone, 33 Tex. Civ. App. 622, 77 S. W. 630; Bank v. Cooper (Tex. Civ. App.) 179 S. W. 295 (5); Meade v. Logan (Tex. Civ. App.) 110 S. W. 188. The burden of proof "on the whole case" was not upon the intervener for the *reason* that "under the pleadings" the burden of proof of only a part of the case was upon him. Notwithstanding intervener's admission, the plaintiff still had the burden of proving the case as to defendants whose controverting answers were on file. These answers, referred to in the bill of exceptions, were brought to the attention of the court evidently because they were introduced in evidence, as shown by the statement of facts. Hence the appellant could not say that the burden of proof on the whole case was upon him. Tally v. Thorn, 35 Tex. 727; Webb v. Rey-

nolds (Tex. Com. App.) 207 S. W. 916; Counts v. Land Co. (Tex. Civ. App.) 206 S. W. 207; Bank v. Merritt (Tex. Civ. App.) 237 S. W. 990. The defendant Riley's admission, not joined in by the other defendants, did not deprive the plaintiff of the right to open and close for the reason that the rule expressly provides, where there is more than one defendant, that "all of the defendants * * * shall" admit the plaintiff's cause of action. Cockrell v. Ellison (Tex. Civ. App.) 137 S. W. 150; Hittson v. Bank, supra. The case before us is not similar to Knight Realty Co. v. Williams (Tex. Civ. App.) 193 S. W. 169, cited by appellant, wherein it was held that the intervener was entitled to the benefit of the statute. In that case the only defendant in the suit admitted the plaintiff's cause of action, whereas in the case at bar the other defendants did not make such admission.

It is claimed by the appellant that he is entitled to judgment for the commission under the jury's answer to the first special issue. There was a controversy in the case about whether the commission, agreed upon when the list price was advanced from $12,000 to $15,000, was to be $600 to $750, in the event of a sale, and the first special issue was submitted to obtain an answer to that question. The jury did not find that the commission had been earned or that the appellee was liable.

It is also claimed by appellant that he is entitled to judgment upon the testimony of appellee, who stated on the trial:

"I was in the Amarillo National Bank [where the notes in controversy were kept] with Mr. Riley on one occasion, and I think I told Mr. Stinson, [the assistant cashier] that, when the note of $3,000 was paid, Mr. Riley was to receive a commission of $600, and to pay him—when the note was paid in full, why I would give him permission to pay Mr. Riley $600. Mr. Riley was not to receive any commission until the note was paid."

The appellee denied that appellant was to have any character of lien upon or interest in the vendor's lien notes sued upon. The jury found against appellant on all such issues. We believe the testimony of appellee is entirely consistent with the findings of the jury to the effect that the appellant was not to have any commission unless the first note was paid. Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959; Laird v. Elliott (Tex. Civ. App.) 219 S. W. 499, McPhail v. Buell, 87 Cal. 115, 25 Pac. 266.

[3, 4] Appellant strenuously insists that he is entitled to judgment under the decision of this court rendered upon a former appeal. Riley v. Palmer, 237 S. W. 326. We do not agree with appellant for the reason that on the last trial it was made to appear from the findings of the jury that the payment of the commission was waived, and not to be claim-

ed by appellant unless there was a payment of the note, whereas on the former appeal such conditions were not shown. As said by the Supreme Court in Pryor v. Jolly, supra, the payment of the commission was made dependent upon the payment of the note, and not upon liability for payment of the note. In the case before us the appellee promised to pay a commission only upon the happening of a certain event, to wit, the payment of a note. The event did not happen because the note was not paid. That was the effect of the pleading and proof and ought to mark the end of the suit, in the absence of further pleading and proof showing that the failure of the event to happen was chargeable to bad faith or misconduct on the part of the appellee. We think it is the general rule in such cases that, where there is a special contract making the broker's commission dependent upon the performance of some act by the purchaser, the broker will not be entitled to recover unless he shows the purchaser's performance or the principal's prevention of performance. Laird v. Elliott (Tex. Civ. App.) 219 S. W. 499; Heath v. Huffhines (Tex. Civ. App.) 152 S. W. 176 (5); Lundell v. Allen (Tex. Civ. App.) 244 S. W. 1098 (1); Pryor v. Jolly, 91 Tex. 86, 40 S. W. 959; McPhail v. Buell, 87 Cal. 115, 25 Pac. 266; Smith v. Post, 167 Cal. 69, 138 Pac. 705; 9 C. J. 592, § 86. In the case at bar the appellee simply relied upon the bare allegations that he was entitled to a commission for finding a purchaser, and that such commission was secured by a lien upon or interest in the notes sued upon. We think the appellee has failed to make out his case or show reversible error.

Therefore the judgment of the court below is affirmed.