### T. R. RHODES & SON v. HUTCHESON et al. (No. 109.)

(Court of Civil Appeals of Texas. Eastland. Feb. 5, 1926.)

1. Brokers ⊛64(1)—Real estate agent is not entitled to commissions dependent on payment of vendor's lien note, where note was never paid nor deed delivered.

Where real estate agent agreed to accept commission when vendor's lien note was paid by purchaser, and note was never paid, nor deed delivered to purchaser, agent is not entitled to commissions.

2. Brokers ⊛64(1).

Vendor may make payment of commissions to agent for sale of property dependent on payment of vendor's lien note.

3. Brokers ⊛64(1)—Broker cannot recover commissions dependent on performance by purchaser, unless he shows such performance or prevention of performance by vendor.

Contract making broker's commissions dependent on performance of some act by purchaser does not entitle broker to recover commission, unless he shows performance by purchaser or prevention of performance by vendor.

Appeal from Taylor County Court; Carlos D. Speck, Judge.

Suit by T. R. Rhodes & Son against C. T. Hutcheson and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Kirby, King & Overshiner, of Abilene, for appellants.

Scarborough & Wilson, of Abilene, for appellees.

RIDGELL, J. Appellants brought this suit against appellees for the sum of $250, alleged to be due for commission in making sale of certain property of appellees in Abilene, Tex.

It is alleged by appellants that, under agreement with appellees, the purchaser, Chas. Wheeler, was to execute to appellee, as part of purchase price, a vendor's lien note for $500, and that appellants were to be paid their commission when the vendor's lien note was paid.

Appellants alleged that the appellees received various payments on the note, but that, in consideration of cancellation of the said note and other notes, Wheeler had reconveyed the land to appellees without consent of appellants; that appellees extended time of payment of the note and failed to file suit foreclosing their lien on the land.

Appellants, in the alternative, alleged if denied recovery on account of the fact that Wheeler had never paid the note, that they are entitled to one-half of amount paid on the note; that appellants had collected $36 rent and applied same on commissions.

The appellees answered by general demurrer and general denial, and specially plead no sale was ever consummated; that appellants specially agreed that no commission should be paid until the conditions agreed were met; that no contract of sale was completed, but the deed was placed in escrow, and, when Wheeler paid the first three notes, the deed was to be delivered; that the $500 note was never paid, and commission under agreement was never due appellants.

The case was tried before a jury, and, in response to answer to special issues, judgment was rendered in favor of appellees.

[1] The proposition made by appellants that a real estate agent is entitled to his commission when he procures a purchaser, and his principal and such purchaser enter into a valid and binding contract of sale, is sound, and, if the facts in this case presented such a legal question, we would have no difference in sustaining the contention of appellants. But if in the sale there are conditions to be met by purchaser before, under the contract, the commissions are due, then we have a very different legal situation, and, where the real estate agent is to be paid his commission, when a certain $500 note is paid by the purchaser, and the note is never paid, and the deed is never delivered to the purchaser, the agent is not entitled to his commission.

In this case the jury, in answer to special issues, found: That the contract between appellants and appellees was that the commission was to be paid when the $500 note was paid, that the $500 note was not paid in full, and that appellees were not negligent in failing to collect said note and never authorized appellants to collect the $36 on commission.

The pleadings and evidence support the verdict of the jury.

[2] The parties had the right, as a condition precedent, to make the payment of commission dependent upon payment of the $500 note, and, having so contracted and the note not being paid in full, the judgment of the court was reflected in the verdict of the jury. Riley v. Palmer (Tex. Civ. App.) 250 S. W. 763.

[3] It is a reasonable rule, where the contract makes the broker's commission dependent upon the performance of some act by the purchaser, the broker will not be entitled to recover unless he shows the purchaser's performance or the principal's prevention of performance. Laird v. Elliott (Tex. Civ. App.) 219 S. W. 499; Heath v. Huffhines (Tex. Civ. App.) 152 S. W. 176; Lundell v.

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Allen (Tex. Civ. App.) 244 S. W. 1098; Smith v. Post, 167 Cal. 69, 138 P. 705; Corpus Juris, 592—86.

The cases cited by appellants present no law applicable to the facts in this case, and all assignments will be overruled, and judgment of the trial court affirmed.