**J. D. STAFFORD et al., Appellants,**

v.

**Lloyd H. SMITH, Trustee, et al., Appellees.**

**No. 15648.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 9, 1970.

Rehearing Denied Oct. 8, 1970.

Jamail & Gano, Joseph D. Jamail, John Gano, Houston, Dunnam, Dunnam & Dunnam, Vance Dunnam, Waco, for appellants.

Hutcheson, Taliaferro & Grundy, Thad T. Hutcheson, Greg N. Martin, Houston, for appellee Lloyd H. Smith, Trustee.

Vinson, Elkins, Searls & Connally, John B. Holstead, Houston, for appellees Carolyn Wiess Francis Law and Theo N. Law.

PEDEN, Justice.

This is an appeal from the granting of a summary judgment in favor of defendants in a suit for real estate brokers' commission.

J. D. Stafford, d/b/a Stafford Realty Company, J. L. Prideaux and W. R. Nowlin, who are licensed real estate brokers, brought this suit to recover a commission plus exemplary damages and attorneys' fees under an agreement to sell "Riverby

Ranch" in Fannin County, Texas, for its owners, Lloyd Smith, Trustee, and Mrs. Carolyn Wiess Francis Law. Mrs. Law's husband, Theo N. Law, was joined as a party defendant. The sale was to include approximately 11,000 acres, some growing crops, thousands of dollars worth of equipment, a cotton gin, a store and several other buildings.

The plaintiffs, appellants here, alleged that the defendants contracted in writing in compliance with Article 6573a, Vernon's Ann.Civ.St., the Real Estate License Act, to pay to the plaintiffs a commission of five percent of the sale price of the ranch if the plaintiffs obtained a purchaser who was ready, willing and able to buy it at a consideration that was agreeable, that they obtained such a purchaser, Kelly R. Mahan, that he agreed and contracted in writing to buy the ranch but that the defendants then breached their agreements with the plaintiffs and with Mahan by radically changing the terms of the agreed sale, thus wrongfully interfering with the plaintiffs' contract rights.

The defendants answered by general denials. The summary judgment evidence includes admissions of the plaintiffs (under Rule 169, Texas Rules of Civil Procedure) plus deposition testimony of the defendants and of Mr. Mahan.

The defendants allege in their motion for summary judgment that 1) the plaintiffs did not accept the defendants' offer of a commission agreement so it did not amount to a completed and effective contract, 2) even if the commission agreement should be considered complete and legally effective, it expressly provides that a commission shall only be paid to the plaintiffs out of the proceeds of the sale of the Riverby Ranch to Kelly R. Mahan pursuant to "the proposed contract of sale" between defendants and Kelly R. Mahan, and it is undisputed that no such sale was ever consummated, 3) each of the plaintiffs has admitted under oath (in response to requests for admissions) that the commis-

sion agreement in question was signed by the defendants and delivered on October 12, 1967, the same date as the admitted mailing of defendants' counter-offer to Kelly R. Mahan, and the plaintiffs have also admitted in their answers to requests for admissions that said commission agreement was the only written instrument ever signed and delivered by the defendants agreeing to pay a commission to the plaintiffs for the sale of the ranch, also that the commission agreement by its terms refers to the specific counter-offer of October 12, 1967 to Mahan, and it was never accepted, 4) it is undisputed that there was no compliance with Art. 6573a, Sec. 28, V.A.C.S., because it is undisputed that the plaintiffs did not sign Mahan's offer dated September 28 on which the plaintiffs rely as a contract and the plaintiffs do not claim that there ever was any other written agreement or written memorandum of any commission agreement (nor was there any) which referred to the September 28 Mahan offer which was signed by defendants.

The appellants' first three points of error assert that the trial court erred in granting summary judgment in favor of the appellees because there are material issues of fact and the appellees are not entitled to judgment as a matter of law.

We overrule these points. We conclude that the appellees have met the requirements of Rule 166–A, Texas R.C.P. by showing that the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiffs' cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup. 1970).

This suit is governed by the statute to which all the parties have referred, Art. 6573a, V.A.C.S., the Real Estate License Act. The pertinent provision of Section 28 of the Act states:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase

of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

Our courts have required a strict compliance with the terms of the Real Estate License Act if a broker is to use the courts for recovery of his fees or charges for his services. Hall v. Hard, 160 Tex. 565, 335 S.W.2d 584 (1960).

■ While no formal instrument is required, the written contract or memorandum made mandatory by the statute must contain a promise to pay the agent a commission and properly describe the land to be sold. The essential elements of the contract must be apparent and may not be supplied by parol testimony. Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515 (1946); O'Boyle v. DuBose-Killeen Properties, Inc., 430 S.W.2d 273 (Tex.Civ.App.1968, writ ref. n. r. e.).

The "commission agreement" in this case is an undated letter from the appellees to the appellants. Its pertinent provisions were:

"With regard to the proposed contract of sale between * * * [appellees] * * * as Sellers and Kelly R. Mahan as Purchaser of * * * the Riverby Ranch * * * the Sellers agree to pay a commission *out of the proceeds of said sale* of five percent (5%) of the total sales price for the sale of the above property * * * (emphasis added).

"* * *

"By executing a copy of this letter below where indicated, each of you agree and accept the terms and provisions hereof. * * *"

The "commission agreement" between appellees and appellants does not refer specifically to any particular proposed contract of sale between Mahan and appellees, but the depositions and the appellants'

admissions on file with this case clearly show that the "proposed contract" referred to in the letter was the October 12 counter-offer by appellees to Mahan. The only other possible "proposed contract" was that submitted by Mahan on September 28, and that contract, by its terms, expired on October 8. The appellants have judicially admitted that the appellees signed the commission agreement on October 12, which is the same day appellees signed the counter-offer. Appellees had rejected Mahan's September 28 offer, and their counter-offer apparently grew out of a meeting or series of meetings early in October at which the parties attempted to resolve their differences. There is some indication in the depositions that Mr. Mahan and Mr. Smith (Mrs. Law did not attend the meetings), felt that they had resolved their differences at these meetings, but they did not execute any written agreements, and when appellees submitted their counter-offer of October 12 to Mr. Mahan in writing, he rejected it. The parties never again got together, and the ranch was never sold to Mr. Mahan. It has subsequently been sold to other parties.

The summary judgment proof establishes that in the only commission offer signed by the appellees the commission which they agreed to pay was to come out of the proceeds of the sale made in accordance with the provisions of the October 12 written counter-offer to Mahan. Not only did he reject the counter-offer, but by its terms it expired in ten days, and the appellants never did sign the commission agreement and thus accept it.

The appellants concede that Mahan's written offer (which was dated September 28, 1967) was not accepted by the appellees. Mahan's deposition testimony that he rejected the October 12 counter-offer is undisputed. The appellees and Mahan never did enter into a written agreement for the sale of the ranch.

■ Appellants cannot base their claim on a theory that after the parties had

orally agreed on the terms of the sale the appellees then radically changed the terms, thus interfering with the appellants' contract rights. Whatever contract rights they might have had arose only from the appellees' written commission offer, and its terms restricted it to a five percent "commission out of the proceeds of said sale". Since "said sale" never came about, there were no proceeds of it, and the appellants have no claim against the appellees. The appellants do not assert that the appellees changed the terms of their October 12 counter-offer.

" * * * the principal and the broker may by agreement * * * restrict the source of the payment to particular funds, as by providing for payment from the proceeds of sale * * * and where such an agreement is made, it is binding and controls the * * * source of payment. * * *" 12 C.J.S. Brokers § 96, p. 232.

See also Rhodes & Son v. Hutcheson, 284 S.W. 226 (Tex.Civ.App.1926, no writ); Riley v. Palmer, 250 S.W. 762 (Tex.Civ.App.1923, writ dism.) and O'Boyle v. DuBose-Killeen Properties, Inc., supra.

■ Appellants argue that the appellees' motion for summary judgment is defective in that it was not sworn to, but a summary judgment is not necessarily out of order where the motion is unverified and unsupported by affidavits. Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508 (1952). The motion refers to sworn depositions and the appellants' (plaintiffs') sworn admissions to establish its contentions.

■ The appellants also contend that summary judgment was not proper because the appellees failed to affirmatively plead Art. 6573a, Sec. 28, in compliance with Rule 94. Appellees did plead such Act in their motion for summary judgment, and this was sufficient. Sims v. Auringer, 301 S.W.2d 286 (Tex.Civ.App.1957, writ ref. n. r. e.).

■ Also, the latter two matters of which the appellants complain could amount to no more than defects in pleadings, and the record does not reflect that they were raised in the trial court as required by Rule 90, Texas R.C.P., so they were waived. Employers Mutual Casualty Co. v. Lee, 352 S.W.2d 155 (Tex.Civ.App.1961, no writ) and cases cited therein.

■ Appellants' fourth and last point of error complains of the trial judge's refusal to read the deposition testimony and the exhibits of record before rendering summary judgment. The error was harmless.

Affirmed.