**Eunice REMLEY, Appellant,**

v.

**James E. STREET, Appellee.**

**No. 7666.**

Court of Civil Appeals of Texas, Beaumont.

May 1, 1975.

Rehearing Denied May 22, 1975.

Adams & Browne, Beaumont, for appellant.

W. G. Walley, Jr., Beaumont, for appellee.

DIES, Chief Justice.

Eunice Remley, plaintiff below, filed suit on a written contract against James E. Street, defendant. Defendant Street filed for summary judgment, which was granted, and from which plaintiff appeals. The parties will herein be referred to as they were below.

Plaintiff's first point is that defendant failed to have adequate proof "in view of [his] failure to swear to any affidavit or any other sworn proof."

There is a sworn deposition on file which is sufficient. Stafford v. Smith, 458 S.W. 2d 217, 221 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). The point is overruled.

Plaintiff's second point is: "The trial court erred to the prejudice of appellant in granting summary judgment for appellee and in rendering summary judgment against appellant."

The written agreement on which plaintiff sued is as follows:

"8–11–73

Miss Eunice Remley

I agree to fulfill the corporate obligation (T.D.I.) of eleven thousand dollars owed to you according to our letter engaging you to dispose of our land if I am able to sell my interest to Mr. Ammons. I will attempt to collect from the remaining shareholders the balance.

Thank you very much for your assistance.

Sincerely,

JAMES STREET M.D."

The T.D.I. Corporation was a Louisiana corporation with its only asset the ownership of land on Toledo Bend Reservoir in the State of Louisiana. Its largest stockholder was defendant Street. Plaintiff's claim was a commission due for securing a buyer for the Toledo Bend realty. It is undisputed she was not licensed under the Real Estate Dealers License Act [Art. 6573 a, Vernon's Tex.Rev.Civ.Stat.Ann. (1969)].

In Hall v. Hard, 160 Tex. 565, 335 S.W.2d 584, 586 (1960), Hard as plaintiff alleged that by an oral contract defendant Hall " 'employed plaintiff to attempt to find a buyer for the certificates, properties and other assets owned by said defendants'." Hall owned and operated a trucking business.

The Court wrote (at 588):

"If the Hall properties, which Hard testified he was employed by Hall to sell, consisted, in part, of the leases on the

terminals above set out, then Hard is seeking to recover a commission on the sale of real estate. Under the provisions of Sec. 19 of Art. 6573a, it was the burden of Hard to plead and prove he was a duly licensed real estate broker, or salesman, at the time the alleged cause of action arose.

\* \* \* \* \* \*

"It is made a criminal offense to engage in the business of a real estate broker, or salesman, without having procured the license as aforesaid. In addition, Sec. 19 denies the use of the courts of our State to a real estate broker for the recovery of his commission unless such broker seeking recovery alleges in his pleadings and proves by the evidence introduced in the case that he was a duly licensed real estate broker, or salesman . . .. [W]e hold that when a fact issue is raised as to whether or not the properties sold by the broker included any real estate, the burden is upon the . . broker to secure findings that no real estate was included." (at 589)

Plaintiff says the real estate matter here was peripheral and that she can enforce the contract without any assistance from the illegal act, citing 13 Tex.Jur.2d Contracts § 215 at 434 (1960).

The "corporate obligation" referred to in the writing set forth above arose from the following writing dated April 19, 1973:

"Dr. Irvin M. Richman, Trustee, and Owners hereby agree to hire Eunice Remley [plaintiff] as an Independent Agent for ninety (90) days from date [April 19, 1973] for the purpose of preparing a sales presentation of Whispering Pines Subdivision, Sabine Parish, Louisiana, (Map attached) on Toledo Bend Lake.

"Her compensation for said presentation shall be 10% of the gross sale price of the property and shall be payable only in the event such sales presentation results in the consummation of the sale."

The sale was never consummated.

The depositions of the parties to this suit show, as a matter of law, that the true meaning of the letter of August 11, 1973, from defendant to plaintiff, is an agreement by defendant to pay plaintiff a commission for selling his stock in the corporation. According to all of the evidence, plaintiff had no license to sell securities either in Texas or Louisiana. In order to maintain an action for collection of compensation for services rendered in the sale of securities, plaintiff had to allege and prove that she was duly licensed to sell securities. Art. 581–34, Tex.Rev.Civ.Stat. Ann. (1964), Securities Act of the State of Texas.

There being no error, the judgment of the trial court is

Affirmed.