**Luis M. REYES, Jr., Appellant,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellee.**

No. 04–87–00296–CV.

Court of Appeals of Texas,
San Antonio.

March 31, 1988.

Rehearing Denied May 4, 1988.

Lloyd Robles, Austin, for appellant.

Gary L. Fuller, San Antonio, for appellee.

Before CADENA, C.J., BUTTS, J., and FRED V. KLINGEMAN, Assigned Justice.

## OPINION

FRED V. KLINGEMAN, Assigned Justice [*].

This is a worker's compensation case. Luis M. Reyes, Jr. sued Liberty Mutual Fire Insurance Company in the 25th District Court of Guadalupe County to set aside an award by the Industrial Accident Board. Liberty Mutual filed a general denial and subsequent thereto filed a motion for summary judgment. The trial court granted summary judgment in favor of Liberty Mutual, and Luis M. Reyes, Jr. timely perfected his appeal. In this opinion Luis M. Reyes, Jr. will sometimes be referred to as either plaintiff, appellant or Reyes. Liberty Mutual Fire Insurance Company will be referred to as defendant, appellee or Liberty Mutual.

In Plaintiff's First Amended Original Petition, which was on file at the time of the hearing on the motion for summary judgment, Reyes contended in part that on or about August 8, 1983, while he was an employee of Holly Farms of Texas, in Seguin, Guadalupe County, Texas, that:

on said date and at other times prior thereto [Reyes] sustained damage or harm to the physical structure of the body as a result of repeated exposure to temperatures of approximately 28 degrees extending over a period of time while in the course and scope of his employment. Such damage or harm was incited, aggravated or accelerated by repeated on the job exposure to temperatures of approximately 28 degrees. As a result of said damage or harm to the physical structure of the body resulting from repeated on the job exposure to temperatures of 28 degrees extending over a period of time, [Reyes] is unable to do the usual and customary tasks of a worker in such a way as to enable him to get and keep employment doing such work, and in all reasonable medical probability he will not be able to do such work for a period of 401 weeks or more....

Reyes complains in two points of error that the trial court erred (1) in finding that appellee had established as a matter of law that appellant's physical condition constituted an "ordinary disease of life"; and (2) in entering summary judgment for appellee on an issue that was not expressly set out in appellee's motion for summary judgment.

Liberty Mutual's Motion for Summary Judgment urged that under the pleadings and depositions on file in the cause, as a matter of law, there was no genuine issue as to any material fact alleged in Plaintiff's First Amended Original Petition, and that Liberty Mutual had breached no duty to Reyes under all the pleadings filed in the case. Reyes responded by urging the existence of genuine issues of material fact which would preclude the granting of summary judgment in favor of Liberty Mutual (without designating such alleged issues of fact), and that he had a legally cognizable cause of action under the worker's compensation law of the State of Texas. At the hearing on the motion for summary judgment, the court, after examining the pleadings, the summary judgment evidence and

---

[*] Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

hearing the arguments of counsel, entered judgment that Reyes take nothing in his action against Liberty Mutual.

The record in this appeal consists entirely of the transcript of the pleadings on file in the cause. None of the depositions referred to in the Motion for Summary Judgment and in the response of Reyes to the Motion for Summary Judgment is before us in this appeal, since appellant has not brought them before us for our review. The Supreme Court of Texas in *Cantu v. Western Fire & Casualty Insurance Co.,* 723 S.W.2d 668 (Tex.1987) (per curiam) stated:

> In the absence of the complete record considered by the trial court, the appellate presumption is that the omitted summary judgment evidence supports the trial court's judgment.

*Id. See also Castillo v. Sears, Roebuck & Co.,* 663 S.W.2d 60, 63 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

Reyes in his first point of error asserts that the trial court erred in finding that his arthritic condition constituted an "ordinary disease of life," as defined in the worker's compensation statute. Article 8306, section 20, Texas Revised Civil Statutes, provides as follows:

> Wherever the terms "Injury" or "Personal Injury" are used in the Workmen's Compensation Laws of this State, such terms shall be construed to mean damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom. The terms "Injury" and "Personal Injury" shall also be construed to mean and include "Occupational Diseases" as hereinafter defined. Whenever the term "Occupational Disease" is used in the Workmen's Compensation Laws of this State, such term shall be construed to mean any disease arising out of and in the course of employment which causes damage or harm to the physical structure of the body and such other diseases or infections as naturally result therefrom. An "Occupational Disease" shall also include damage or harm to the physical structure of the body occurring as the

result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment; provided, that the date of the cumulative injury shall be the date disability was caused thereby. *Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where such diseases follow as an incident to an "Occupational Disease" or "Injury" as defined in this section.*

TEX.REV.CIV.STAT.ANN. art. 8306, § 20 (Vernon Supp.1988) (emphasis added). In answer to interrogatories propounded by Liberty Mutual, Reyes responded that the injury he claimed to have sustained was "degenerative arthritis/osteoarthritis" and that "repeated exposure to temperatures of approximately 28 degrees caused [the] occupational injury." Liberty Mutual contends that the trial court properly held Reyes' physical condition was a non-compensable ordinary disease of life under the terms and provisions of the Texas Worker's Compensation Act, and that the summary judgment evidence conclusively negated an essential element of Reyes' cause of action—that he sustained an "occupational disease" within the definition of Article 8306, section 20 of the Texas Worker's Compensation Act.

Liberty Mutual further contends that Reyes wholly failed to allege or to show by competent proof that his alleged injury was a compensable accidental injury under the terms and provisions of the worker's compensation statute. Appellee cites *Olson v. Hartford Accident & Indemnity Co.,* 477 S.W.2d 859 (Tex.1972), and *Bewley v. Texas Employers Insurance Ass'n,* 568 S.W.2d 208 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.), in support of its contentions, and urges that the trial court correctly held as a matter of law that Reyes' arthritic condition was (1) an ordinary disease of life; (2) a disease to which the general public is exposed; and (3) not incident to an occupational disease or injury. We agree.

Liberty Mutual in its brief in support of the motion for summary judgment, and in this appeal, relies on the decision of the

Supreme Court of Texas in *Schaefer v. Texas Employers' Insurance Ass'n*, 612 S.W.2d 199 (Tex.1980), in which a worker's compensation claim was denied because the claimant had failed to establish a reasonable probability of causation between his employment as a plumber (required in his job to crawl in tunnels beneath houses) and the disease or injury that he claimed at trial. The Supreme Court there stated:

> We have held that in workers' (sic) compensation cases expert medical testimony can enable a plaintiff to go to the jury if the evidence establishes 'reasonable probability' of a causal connection between employment and the present injury. (Citations omitted). In the absence of reasonable probability, the inference of causation amounts to no more than conjecture or speculation. *Insurance Co. of North America v. Myers*, 411 S.W.2d 710, 713 (Tex.1966). This precludes the plaintiff from going to the jury.

612 S.W.2d at 202. The Court in *Schaefer* observed that the specific problem for the worker's compensation claimant was in establishing a causal connection between the disease and the employment. Citing *Parker v. Employers Mutual Liability Ins. Co.*, 440 S.W.2d 43, 46 (Tex.1969), the Court stated:

> [P]robabilities of causation articulated by scientific experts have been deemed sufficient to allow a plaintiff to proceed to the jury ... But this probability must, in equity and justice, be more than coincidence before there can be deemed sufficient proof for the plaintiff to go to the jury.

612 S.W.2d at 202. The *Schaefer* Court noted finally that:

> The fact that proof of causation is difficult does not provide a plaintiff with an excuse to avoid introducing some evidence of causation.

*Id.* at 205.

█ In the case before us, there is no competent response to the Motion for Summary Judgment, and if there was some evidence articulated by scientific experts on the probabilities of causation, such evidence is not before us for consideration and review. While Reyes complains that the motion was filed at a relatively early stage of the litigation, it must be noted that he did not seek a continuance in order to present facts to justify his opposition. *See* TEX.R.CIV.P. 166a(f).

*Bewley v. Texas Employers Insurance Ass'n*, 568 S.W.2d 208 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.) is similar to the instant case and is in point. In *Bewley*, as in the case before us, the defendant moved for summary judgment after taking the plaintiff's deposition and asserted that plaintiff's illness was nothing more than a disease and infirmity to which the general public is subjected and exposed, and as a matter of law, could not constitute a compensable injury under our worker's compensation laws. The plaintiff in *Bewley* answered the motion by contending that questions of fact were raised as to whether she had suffered a compensable occupational disease and physical injury. The motion for summary judgment was granted, and judgment was rendered that plaintiff take nothing. On appeal, the Waco Court of Civil Appeals observed that:

> It has been the uniform holding of the courts of our State that illnesses like cold, sore throat and pneumonia resulting solely from exposure to rain, wind, wetting, and cold weather in the course of employment are not 'personal injuries' or 'diseases or infections as naturally result therefrom' within the meaning of the workmen's compensation statute, although the evidence in the cases showed that by reason of the employment the employee's exposure to the elements causing his illness was traceable to a definite time, place, and event, and was greater than the exposure of the public generally. (Citations omitted).

*Id.* at 210. The Waco Court affirmed the summary judgment of the trial court. Accordingly, Reyes' first point of error is without merit, and it is overruled.

█ In his second point of error, Reyes asserts that the trial court, in entering judgment in favor of Liberty Mutual, erred because it impliedly found that the ordi-

nary disease of life was the sole cause of his disability, without requiring Liberty Mutual to affirmatively plead the defense of sole cause or to prove sole cause in its motion for summary judgment. This alleged pleading defect was waived by the failure of Reyes to raise it in the trial court. *See Stafford v. Smith,* 458 S.W.2d 217 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ); *Sims v. Auringer,* 301 S.W.2d 286 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.). Because there is no merit to Reyes' second point of error, it is overruled.

The judgment of the trial court is affirmed.